In re STATE FARM LLOYDS, INC., Relator.

No. 08–05–00054–CV.

Court of Appeals of Texas, El Paso.

May 19, 2005.

Angela Morrow Nickey, Robles, Bracken, Coffman & Hughes, L.L.P., El Paso, for Relator.

Frank J. Guzman, El Paso, for Interested Parties Ruby Johnson Revocable Trust and Gregory Johnson, Trustee.

Before Panel No. 5 BARAJAS, C.J., McCLURE, and ABLES, JJ. (Ables, J., sitting by assignment).

## OPINION

ANN CRAWFORD McCLURE, Justice.

Relator, State Farm Lloyds, Inc., seeks a writ of mandamus directing the trial court to enforce a contractual appraisal provision. We conditionally grant relief.

## FACTUAL SUMMARY

A fire damaged the home of Ruby Johnson, the Real Party in Interest, and many of her belongings. She immediately notified her insurance company, State Farm. The policy included coverage for damage or loss to personal property and coverage for loss of use of the home while the home is "wholly or partially untenantable." Johnson made a claim for living expenses under her loss of use coverage and claimed damages to personal items which had been destroyed or damaged in the fire. Johnson did not accept State Farm's offers related to her personal property and living expenses. Consequently, State Farm invoked the policy's appraisal provision through a letter written to Johnson's attorney on May 30, 2003. The appraisal provision provides:

> If you and we fail to agree on the actual cash value, amount of loss, or cost of repair or replacement, either can make a written demand for appraisal. Each will then select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a district court of a judicial district where the loss occurred. The two appraisers will then set the amount of loss, stating separately the actual cash value and loss

to each item. If you or we request that they do so, the appraisers will also set:

 a. the full replacement cost of the dwelling.

 b. the full replacement cost of any other building upon which loss is claimed.

 c. the full cost of repair or replacement of loss to such building, without deduction for depreciation.

If the appraisers fail to agree, they will submit their differences to the umpire. An itemized decision agreed to by any two of these three and filed with us will set the amount of the loss. Such award shall be binding on you and us.

The policy further provides that "[n]o action can be brought against [State Farm] unless there has been compliance with the policy provisions."

State Farm notified Johnson's attorney of its competent, independent appraiser's identity by letter dated June 6, 2003. Johnson, through her attorney, informed State Farm of her appraiser's identity but she reserved the right to object to the appraisal process based on a belief that State Farm had waived its right to an appraisal because it had not complied with the policy provisions. The person identified as Johnson's appraiser told State Farm representatives that she knew nothing about the matter and had not been retained by Johnson. By letter dated June 25, 2003, State Farm requested that Johnson's attorney identify her appraiser and it further requested clarification on Johnson's waiver claim. Johnson's attorney did not respond until September 3, 2003 when he made it clear that Johnson would not participate in the appraisal process. Johnson had filed a breach of contract suit against State Farm approximately one week earlier, but she did not serve State Farm until October 8, 2003. In that suit, she alleged State Farm breached the insurance contract by "failing to compensate Plaintiff for the damaged and destroyed personal items and failing to pay for Plaintiff's loss of use of her home...."[1]

On February 5, 2004, State Farm filed its motion to sever the breach of contract claim, enforce the policy's appraisal provision, and abate the proceedings until the appraisal process had been completed. The Honorable Linda Chew, Judge of the 327th District Court of El Paso County, heard State Farm's motion on June 16, 2004. At the hearing, Johnson argued that State Farm had waived its right to enforce the appraisal provision but she did not offer any evidence in support of her assertions. The court subsequently signed an order denying relief on November 16, 2004. State Farm now seeks mandamus relief from the court's refusal to enforce the appraisal provision.

## CONTRACTUAL APPRAISAL PROVISION

State Farm contends that it is entitled to mandamus relief because (1) the trial court had no discretion to deny State Farm's request to enforce the insurance policy's appraisal provision and (2) State Farm has no adequate remedy at law.

### Standard of Review

 Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992)(orig.proceeding). Moreover, there must be no other adequate remedy at law. *Id.* An appellate court rarely in-

---

1. Johnson's petition states other causes of action against State Farm and the construction company employed to repair Johnson's home.

terferes with a trial court's exercise of discretion. A clear abuse of discretion warranting correction by mandamus occurs when a court issues a decision which is without basis or guiding principles of law. *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985)(orig.proceeding). With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Walker,* 827 S.W.2d at 839–40. The relator must therefore establish that the trial court could reasonably have reached only one decision. *Id.* With respect to a trial court's determination of the legal principles controlling its ruling, the standard is much less deferential. A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Walker,* 827 S.W.2d at 840.

■ An appellate court will deny mandamus relief if another remedy, usually appeal, is available and adequate. *Street v. Second Court of Appeals,* 715 S.W.2d 638, 639–40 (Tex.1986)(orig.proceeding). Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker,* 827 S.W.2d at 840, *quoting State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984).

### *Denial of State Farm's Request to Enforce Contractual Appraisal Provision*

The Supreme Court recently upheld the enforceability of an appraisal provision found in an automobile insurance policy. *See In re Allstate County Mutual Insurance Company,* 85 S.W.3d 193, 195 (Tex. 2002). As in the instant case, the parties

there contracted for an appraisal if they disagreed about the damaged property's value. *Id.* at 196. The trial court concluded that the appraisal provision was an arbitration agreement and refused to enforce it. *Id.* at 195. The Supreme Court, noting that Texas courts had drawn a distinction between appraisal and arbitration provisions for over a hundred years, rejected the trial court's conclusion and held that the court abused its discretion by refusing to enforce the provision. *Id.* at 196. The Court also determined that Allstate did not have an adequate remedy by appeal because denying the appraisal would vitiate Allstate's ability to defend the breach of contract claim since the parties had agreed as to the method by which to determine whether a breach had occurred.[2] *Id.* For example, if the appraisal determined that the vehicle's full value was what the insurance company offered, there would be no breach of contract. *Id.* Other courts have upheld similar appraisal provisions. *See In re Clarendon Insurance Company,* No. 2–04–305–CV, 2004 WL 2984916 (Tex.App.-Fort Worth December 23, 2004, orig. proceeding)(not reported); *Vanguard Underwriters Insurance Company v. Smith,* 999 S.W.2d 448, 451 (Tex. App.-Amarillo 1999, orig. proceeding). Absent some compelling reason to not enforce the appraisal provision, the trial court had no discretion to refuse State Farm's request to enforce the appraisal provision.

■ Johnson does not argue that appraisal provisions are generally unenforceable or that State Farm failed to comply with the appraisal provision. Instead, she contends that State Farm waived its right to invoke the appraisal provision because it did not comply with *other* provisions in the

---

**2.** However, the trial court's refusal to grant Allstate's motion to abate was not subject to mandamus review. *In re Allstate,* 85 S.W.3d at 196.

contract. More specifically, she argues that State Farm failed to (1) request a sworn proof of loss from Johnson;[3] (2) notify her in writing whether the claim would be paid or had been denied or whether more information was needed;[4] and (3) failed to give its reason for denying the claim or its reason for requiring more time to process the claim.[5]

In support of her argument, Johnson directs us to *Black v. Victoria Lloyds Insurance Company*, 797 S.W.2d 20 (Tex. 1990) and *In re Clarendon.* In *Black,* the Supreme Court held that summary judgment was improper because a material issue of fact existed as to whether statements made on an insurance card varied with the written terms of a provision in the policy excluding coverage for permissive personal use of a vehicle. *Id.* at 26. Consequently, a fact issue existed as to whether the insurer had waived its right to enforce that particular provision as written in the policy. *Id.* at 26. Because *Black* does not hold that an insurer's failure to comply with one provision in an insurance policy waives its right to enforce a separate provision, the opinion is inapplicable.

In *Clarendon,* a homeowner filed a claim under his homeowner's insurance policy for water and mold damage to his home. The insurer enlisted the help of a third-party claims administrator, which in turn, employed the services of an adjustor. Upon learning that the homeowner was a homebuilder, the adjustor agreed to allow him to do his own repairs. The adjustor did not prepare any paperwork affixing the amount of the loss. Instead, the homeowner was to submit invoices for the repair work and the insurer planned to reimburse him monthly. After paying the homeowner more than $260,000 over a four month period, the insurer became concerned about the manner in which the claims were being handled by the third-party administrator. The insurer hired a new third-party claims administrator who retained another firm to examine the validity of the homeowner's claims. The insurer stopped making payments to the homeowner because he would not allow anyone to enter his home to videotape or photograph the repairs. The homeowner had a duty under the contract to provide the insurer with access to the damaged property. The homeowner subsequently made a policy limits settlement demand to the insurer and filed suit five days later. During the discovery period, the insurer sent the homeowner a demand for an appraisal based on a provision in the policy. Because the homeowner opposed the appraisal, the insurer filed a motion to dismiss or abate the suit. The trial court denied the motion and struck the insured's demand for an appraisal. The insurer sought mandamus relief.

The homeowner argued that the insurer had waived its right to an appraisal or was estopped from seeking an appraisal because its conduct was inconsistent with a demand for an appraisal and because it breached the insurance contract by failing to remit timely payments. *Clarendon,*

---

3. Under the policy, Johnson has a duty to send to State Farm, *upon its request,* a signed and sworn proof of loss on a standard form provided by State Farm. According to the policy, State Farm waives its right to require a proof of loss if it does not make a timely request for the proof of loss, but this waiver does not waive State Farm's other rights under the policy.

4. The policy requires State Farm to notify Johnson in writing whether the claim will be paid or has been denied or whether more information is needed.

5. Another provision of the policy requires State Farm to give the reason for denying the claim or requiring more time to process the claim.

2004 WL 2984916 at *3. The Fort Worth Court of Appeals rejected this argument, holding that the insurer's payment of the invoices for four months and its attempts to examine the repairs performed by the homeowner did not constitute a waiver of the demand-for-appraisal provision. *Id.* It relied upon *Scottish Union & National Insurance Company v. Clancey*, 18 S.W. 439, 440, 83 Tex. 113, 114 (1892), in which the Supreme Court considered the issue of waiver as it applies to a demand for a appraisal. Although *Scottish Union* was decided more than a century ago, the Court's observations are instructive. In that case, the insured's property was destroyed by fire. The insured filed suit in a matter of weeks after the loss and the insurance company pled that the suit had been prematurely brought because the loss was not payable until 60 days after proof of loss had been furnished. Further, the insurance company demanded an appraisal pursuant to the contract. The insured alleged that the insurance company had waived proof of loss and appraisal by making a partial adjustment of the damage. A jury rendered a verdict in favor of the insured. In considering the waiver issue, the Supreme Court stated:

> [i]t is a well-known principle in this class of cases that the acts relied on as constituting a waiver should be such as are reasonably calculated to make the assured believe that a compliance on his part with the stipulations providing the mode of proof of loss, and regulating the appraisement of the damage done, is not desired, and that it would be of no effect if observed by him. It cannot be said, in the face of the proof showing that proof of loss was insisted on by the company, and that it was endeavoring to ascertain the amount of damages done by the fire to the goods of the appellee, that this indicated an intention or desire to dispense with the very requirements inserted in the policy for the purpose of enabling the company to arrive at this loss. The facts in this case show that there was no waiver of the stipulations in the policy relating to proof of loss and appraisement of the property. *They show, on the other hand, that appellants, through their agents and adjuster, were endeavoring to ascertain the amount of damage, while the appellee declined to comply with the conditions in the policy, on which alone his right to recover depends.*

*Id.* at 440–41 [Emphasis added]. Rather than supporting Johnson's argument, *Clarendon* undercuts it.

■ Waiver is the intentional relinquishment of a known right. *Labrado v. County of El Paso*, 132 S.W.3d 581, 594 (Tex.App.-El Paso 2004, no pet.); *Sedona Contracting, Inc. v. Ford, Powell & Carson, Inc.*, 995 S.W.2d 192, 195 (Tex.App.-San Antonio 1999, pet. denied). It is an affirmative defense and the party asserting it bears the burden of proof. *See Labrado*, 132 S.W.3d at 594. In order to defeat State Farm's motion to enforce the appraisal provision on the ground of waiver, Johnson had the burden to show that State Farm's alleged failure to comply with these other policy provisions constituted an intentional relinquishment of its right to seek an appraisal, or as stated in *Scottish Union*, evidenced an intent to dispense with the policy's requirements which would enable State Farm to arrive at the amount of loss. Johnson did not offer *any* evidence to establish her assertions that State Farm failed to comply with any of the policy provisions or that it intentionally relinquished its right to enforce the appraisal provision. For this reason alone, the trial court had no discretion to refuse State Farm's request to enforce the appraisal provision. Even assuming that Johnson had introduced some evidence to

support her assertions, State Farm's alleged failure to request a sworn proof of loss from Johnson, notify her in writing whether the claim would be paid or had been denied or whether more information was needed, and its alleged failure to give its reason for denying the claim or its reason for requiring more time to process the claim does not evidence an intent to dispense with the policy's requirements which would enable State Farm to arrive at the amount of loss. To the contrary, the record shows that State Farm was undertaking to ascertain the amount of loss. The trial court abused its discretion by refusing State Farm's request to enforce the appraisal provision. Because State Farm does not have an adequate remedy at law, we conditionally grant mandamus relief.

Although the trial court's denial of the motion to enforce the appraisal provision was erroneous, the failure to abate the proceeding is not subject to mandamus review. *See In Re Allstate*, 85 S.W.3d at 196. The trial court has discretion whether to sever the breach of contract claim and abate the proceedings while the appraisal is being done. *See id.; Guaranty Federal Savings Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990); Tex.R.Civ.P. 41. The writ will issue only if the trial court fails to comply with this opinion.