

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00022-CV
_____


IN RE:  ROGER DALE HINDS, JR.


Original Mandamus Proceeding


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Roger Dale Hinds, Jr., an inmate within the Texas Department of Criminal Justice–Institutional Division, has filed with this Court a petition for writ of mandamus. Hinds asks us to direct the Honorable William R. Porter, presiding judge of the 276th Judicial District Court of Marion County, Texas, to issue a "certificate of appealability" in Hinds' underlying criminal conviction so that he may pursue a direct appeal with this Court. Hinds has provided copies of several documents in support of his petition for the writ.

*(1)     Standard for Mandamus*

Mandamus relief is appropriate only when the record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law (which is often described as a "ministerial" act) and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). "With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court." *In re State Farm Lloyds, Inc.*, 170 S.W.3d 629, 632 (Tex. App.—El Paso 2005, orig. proceeding). "The relator must therefore establish that the trial court could reasonably have reached only one decision." *Id.* This Court will therefore grant mandamus relief in this case if Hinds can demonstrate that the act sought to be compelled is purely "ministerial" and that he has no other adequate legal remedy. *See State ex rel. Rosenthal*, 98 S.W.3d

2

194, 198 (Tex. Crim. App. 2003). A remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ. *Walker*, 827 S.W.2d at 842.

*(2)    Hinds Is Not Entitled to Relief*

The record brought forth by Hinds does not remotely suggest Hinds has previously asked the trial court to issue a "certificate of appealability" in this case.[1] Accordingly, we cannot say the record before us affirmatively demonstrates the trial court failed to carry out a ministerial duty.

We deny Hinds' petition for writ of mandamus.

Jack Carter
Justice

Date Submitted:      March 4, 2008
Date Decided:        March 5, 2008

---

[1] We are uncertain whether Hinds' use of the term "certificate of appealability" in his petition for writ of mandamus refers to a "certification of right of appeal" under the Texas Rules of Appellate Procedure or a "certificate of appealability" under the Federal Rules of Appellate Procedure. *Compare* TEX. R. APP. P. 25.2(a)(2) (trial court's certification of defendant's right of appeal) *with* FED. R. APP. P. 22(b)(1). Even if Hinds is requesting action under the Texas rules of procedure, he has not satisfied his burden on mandamus to bring forth a record showing the trial court failed to act on a previous request for such instrument.

3