In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00054-CR


______________________________




CRAIG BERNARD MIDDLETON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


Gregg County, Texas


Trial Court No. 2007-0715




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Craig Bernard Middleton, appellant, has filed with this Court a motion to dismiss his appeal. (1) 
The motion is signed by Middleton and his counsel in compliance with Rule 42.2(a) of the Texas
Rules of Appellate Procedure. See Tex. R. App. P. 42.2(a). As authorized by Rule 42.2, we grant
the motion. See Tex. R. App. P. 42.2.

 Accordingly, we dismiss the appeal.




 Bailey C. Moseley

 Justice


Date Submitted: May 15, 2008

Date Decided: May 16, 2008


Do Not Publish



1. This appeal was transferred to this Court by order of the Texas Supreme Court pursuant to
the docket equalization program.


rm Lloyds, Inc., 170 S.W.3d 629,
632 (Tex. App.--El Paso 2005, orig. proceeding). "The relator must therefore establish that the trial
court could reasonably have reached only one decision." Id. This Court will therefore grant
mandamus relief in this case if Hinds can demonstrate that the act sought to be compelled is purely
"ministerial" and that he has no other adequate legal remedy. See State ex rel. Rosenthal, 98 S.W.3d
194, 198 (Tex. Crim. App. 2003). A remedy is not inadequate merely because it may involve more
expense or delay than obtaining an extraordinary writ. Walker, 827 S.W.2d at 842.

(2) Hinds Is Not Entitled to Relief

 The record brought forth by Hinds does not remotely suggest Hinds has previously asked the
trial court to issue a "certificate of appealability" in this case. (1) Accordingly, we cannot say the record
before us affirmatively demonstrates the trial court failed to carry out a ministerial duty. 

 We deny Hinds' petition for writ of mandamus. 

 


 Jack Carter

 Justice


Date Submitted: March 4, 2008

Date Decided: March 5, 2008

1. We are uncertain whether Hinds' use of the term "certificate of appealability" in his petition
for writ of mandamus refers to a "certification of right of appeal" under the Texas Rules of Appellate
Procedure or a "certificate of appealability" under the Federal Rules of Appellate Procedure. 
Compare Tex. R. App. P. 25.2(a)(2) (trial court's certification of defendant's right of appeal) with
Fed. R. App. P. 22(b)(1). Even if Hinds is requesting action under the Texas rules of procedure, he
has not satisfied his burden on mandamus to bring forth a record showing the trial court failed to act
on a previous request for such instrument.