# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00003-CV

### In re Public Service Mutual Insurance Company, Reed Insurance Adjusters, and Steven L. Matthews

### ORIGINAL PROCEEDING FROM COMAL COUNTY

## M E M O R A N D U M   O P I N I O N

Relators Public Service Mutual Insurance Company (PSMIC), Reed Insurance Adjusters, and Steven L. Matthews filed a petition for writ of mandamus and motion for temporary relief from the district court's order directing the parties to complete mediation and denying Relators' motion to abate the underlying cause and to compel an appraisal required by the commercial property insurance policy that PSMIC issued to real parties in interest, Shree Deep LLC and Asha Ram Ltd. d/b/a Best Value Inn and Suites (Shree Deep). We conditionally grant the petition for writ of mandamus to compel the appraisal, deny the petition for mandamus as to the motion to abate, and dismiss the motion for temporary relief.

## BACKGROUND

The challenged order stems from Relators' motion to compel appraisal and abate litigation in a suit that Shree Deep filed against them, alleging breach of contract and violations of the insurance code and Texas Deceptive Trade Practices Act based on PSMIC's nonpayment

of policy benefits for motel roof damage attributed to a February 1, 2011 windstorm. The policy insured the property from January 1, 2011 to January 1, 2012 and had a $5,000 deductible.

Shree Deep made a claim for roof damage but withdrew it before a scheduled inspection, initially acknowledging to PSMIC that the damage was less than the policy's deductible. Steven L. Matthews of Reed Insurance Adjusters proceeded to inspect the roof damage for PSMIC, finding the roof damage was minimal and estimating the value of the loss at $1,000.23. Months after withdrawing the claim, Shree Deep retained public insurance adjuster Gary Pennington, and Pennington hired engineer Jim Linehan, who concluded that there was extensive damage requiring new roofs. PSMIC's adjuster Matthews subsequently hired engineer Eric D. Moody, who conducted an investigation and determined that the shingle-loosening damage to the roof did not result from the February 1 windstorm. PSMIC sent a letter to Shree Deep's adjuster on September 23, 2011, providing copies of Moody's report and Reed's $1,000.23 estimate and explaining that because the amount was "substantially less than the insured policy deductible of $5,000, PSM w[ould] be unable to issue payment to the insured under the claim for the damage repairs." The letter also invited further information to evaluate the claim:

> Should you not agree with PSM's evaluation of the claim as reported, A Proof of Loss form is enclosed with this letter. Your completion of it in accord with your evaluation of the insured damage is invited, along with a copy of estimate or contractor's bid in support. PSM will consider any such further submission and advise you if there are any changes on the claim evaluation, in light of the new information.

After receiving the March 23 letter, Shree Deep's adjuster referred the claim to counsel for litigation. Shree Deep sent a DTPA notice letter to PSMIC on January 31, 2012. PSMIC responded on

2

March 7, 2012, reasserting its position that "the covered damages in this claim do not exceed the policy's deductible."

Shree Deep filed the underlying suit against Relators on March 30, 2012, contending that the parties disputed both policy coverage for the claim and the amount of the loss. Relators argued that the latter was the crux of their dispute. The case progressed, Shree Deep obtained an October 22, 2012 trial setting,[1] and on September 19, 2012, Relators filed a motion to compel appraisal and abate litigation, invoking the following provision from Shree Deep's policy:

**APPRAISAL**

If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand. The two appraisers will select an umpire. If they cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction. Each appraiser will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding as to the amount of loss. Each will:

1. Pay its chosen appraiser; and

2. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal:

a. You will retain your right to bring a legal action against us, subject to the provisions of the Legal Action Against Us Property Loss Condition; and

b. We will still retain our right to deny the claim.

---

[1] Relators allege that Shree Deep obtained the trial setting without conferring with opposing counsel.

The relevant part of the policy's "Legal Action Against Us" provision made "full compliance with all the terms of this insurance" a condition precedent to filing suit against PSMIC under the policy.

After a hearing, the trial court denied the motion, ordered the parties to complete mediation, and required the parties to agree to a mediator.[2] Relators then filed this petition for mandamus and motion for temporary relief.

## ANALYSIS

To obtain mandamus relief, a relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Southwestern Bell Tel. Co.*, 226 S.W.3d 400, 403 (Tex. 2007) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004)). Mandamus relief is appropriate when the trial court denies a motion to compel an appraisal, vitiating the insurer's right to defend a breach of contract claim. *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 412 (Tex. 2011) (citing *In re Allstate Co. Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002) (orig. proceeding)).

**Appraisal**

Appraisal clauses in insurance contracts set forth a process for resolving disputes about a property's value or the amount of a covered loss. *Id.* at 405. These clauses are usually enforceable, absent illegality or waiver. *Id*. at 407. Further, "[w]hile trial courts have some

---

[2] Initially, the trial court granted the motion to compel appraisal and to abate litigation after a hearing at which Shree Deep did not appear. The trial court granted Shree Deep's motion to set aside that order after the parties disputed whether additional notice of the hearing should have been sent to Shree Deep's counsel by e-mail, which he had requested after a fire in his office building.

discretion as to the timing of an appraisal, they do not have discretion to ignore a valid appraisal clause entirely." *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 893 (Tex. 2009).

Relators argue that the trial court erred in denying its motion to compel compliance with a valid appraisal provision in the insurance contract because it vitiates their ability to defend Shree Deep's breach of contract claim. Shree Deep responds that mandamus relief is improper because: (1) compliance with the appraisal provision was excused by PSMIC's failure to pay policy benefits, which was a prior material breach of the contract; (2) the parties' dispute includes a coverage issue that is inappropriate for appraisal; (3) even if appraisal were appropriate, PSMIC waived any such appraisal right, and (4) the appraisal provision is unenforceable under general contract principles. We consider each of these arguments in turn.

**Excuse from compliance for failure to pay**

In response to the Relators' arguments about the general enforceability of the appraisal provision, Shree Deep contends, without citation to authority, that it was excused from complying with the appraisal provision because PSMIC materially breached the policy by failing to pay policy benefits for the covered peril of windstorm damage. As Relators observed, courts have disfavored similar arguments that nonpayment of a claim excused an insured's participation in appraisal. *See, e.g.*, *Sanchez v. Property & Cas. Ins. Co. of Hartford*, No. H-09-1736, 2010 U.S. Dist. LEXIS 6295, at *25 n.10 (S.D. Tex. Jan. 27, 2010) (noting that claimant cited no authority for proposition that mere allegation of insurer's breach of insurance contract relieves insured of obligation to participate in appraisal, and if insureds could escape appraisal with anticipatory breach or repudiation allegations whenever coverage or claims-handling disputes arose, "appraisal clauses

5

would be virtually a nullity"); *In re Security Nat'l Ins. Co.*, No. 14-10-00009-CV, 2010 Tex. App. LEXIS 2911, at *19 (Tex. App.—Houston [14th Dist.] Apr. 22, 2010, orig. proceeding) (mem. op.) (rejecting argument that insurer was not entitled to enforce right to appraisal because it had breached its contractual obligations by failing to pay timely and complete policy benefits for the costs to properly repair the damage to the commercial property); *see In re State Farm Lloyds, Inc.*, 170 S.W.3d 629, 634–35 (Tex. App.—El Paso 2005, orig. proceeding) (holding that insurer's alleged failure to comply with other policy provisions did not show intent to dispense with policy's requirements that would allow insurer to arrive at amount of loss).

Acceptance of Shree Deep's prior-breach argument would compel payment of a disputed-value claim before the appraisal, curtailing the utility of its inclusion in the contract. The Texas Supreme Court disapproves of such construction of an appraisal clause. *See Johnson*, 290 S.W.3d at 893 (noting that courts must avoid construing appraisal clauses in manner that would render such clauses largely inoperative). We are not persuaded by Shree Deep's argument against enforcement of the appraisal provision in this policy.

**Propriety of appraisal with coverage issue**

Shree Deep further contends that appraisal is improper where coverage issues remain. In support of its contention that valuation of the loss is not the only disputed issue, Shree Deep points to correspondence from PSMIC's counsel stating that the roofing materials were aged and that prior repairs indicated the damage predated the commencement of coverage on January 1, 2011.[3]

---

[3] Shree Deep's adjuster acknowledged that Shree Deep had made some roof repairs due to damage from a January 15, 2010 windstorm.

6

Shree Deep contends that the primary issue in this case involves a battle of the engineering experts about whether a February 1, 2011 windstorm (covered) or a storm before January 1, 2011 (predating coverage) caused the motel roof damage. Relying on an excerpt from *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 892 (Tex. 2009), a case with an analogous dispute about hail damage to a homeowner's roof, Shree Deep argues that when there are different causes for a single injury to property, causation is a liability question for courts, not appraisers. *See id.* (citing *Wells v. American States Preferred Ins. Co.*, 919 S.W.2d 679, 685–86 (Tex. App.—Dallas 1996, writ denied)).

However, in *Johnson*, the Texas Supreme Court expressed strong favor for enforcement of appraisal clauses in insurance contracts, even when concerns arise about the scope of the appraisal. *Id.* at 893 ("Even if the appraisal here turns out to involve not just damage but liability questions, that does not mean that appraisal should be prohibited as an initial matter."); *see Sanchez*, 2010 U.S. Dist. LEXIS 6295, at *9 (noting Texas Supreme Court's policy favoring enforcement of appraisal clauses in contracts regardless of concerns that might exist about scope of appraisal). The Court observed that appraisal clauses are a common feature in most property insurance policies for resolving disputes about the value of a covered claim and concluded that appraisals should generally proceed without preemptive intervention by the courts "unless the amount of loss will never be needed." *Johnson*, 290 S.W.3d at 888–89, 895.

Relators point out that *Johnson* also recognized appraisers' responsibility for separating loss due to a covered event from a property's pre-existing condition. *See id.* at 892. The court reasoned that if appraisers could never allocate damages between covered and excluded perils, then appraisals could never assess hail damage unless a roof were brand new. *Id.* The court

7

advised against such a construction because it would "render appraisal clauses largely inoperative." *Id*. at 893. The court further stated that causation must always be a consideration for appraisers, at least initially, because an appraisal is for damages caused by a particular occurrence, not every repair that a property might require. *Id*. "Any appraisal necessarily includes some causation element because setting the 'amount of loss' requires appraisers to decide between damages for which coverage is claimed from damages caused by everything else." *Id*. The court concluded that parties could not avoid appraisal merely because there might be a causation question that exceeded the scope of appraisal. *Id*.

Based on this controlling law, we similarly conclude that the appraisal provision in this policy may not be disregarded simply because coverage or causation issues about which storm caused the roof damage may overlap with issues about of the amount of the loss and repair costs.

**Waiver of appraisal**

Shree Deep argues alternatively that even if appraisal were appropriate here, Relators waived any such right. "[W]aiver requires intent, either the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *In re Universal Underwriters*, 345 S.W.3d at 407 (quoting *In re General Elec. Capital Corp*., 203 S.W.3d 314, 316 (Tex. 2006)). Because waiver is an affirmative defense, the burden of showing waiver is on the party challenging the right to appraisal. *In re State Farm Lloyds*, 170 S.W.3d at 634. To establish waiver, the party challenging appraisal must show that (1) the parties reached an impasse—"a mutual understanding that neither will negotiate further," and (2) any failure to demand appraisal within a reasonable time prejudiced the opposing party. *In re Universal Underwriters*, 345 S.W.3d at 410, 412. The

Texas Supreme Court has cautioned that prejudice is difficult to prove when, as in this case, the policy gives both sides the same opportunity to demand appraisal. *See id*. at 412. Courts "will not infer waiver where neither explicit language nor conduct indicates that such was the party's intent." *Id*. at 410.

### 1. Waiver by delay

Shree Deep contends that appraisal is intended to take place before suit is filed, *see Johnson*, 290 S.W.3d at 894, and Relators waived any such right through their unreasonable delay in requesting it. Shree Deep argues that the point of impasse was reached and Relators should have invoked appraisal either after PSMIC's September 23 letter denying Shree Deep's claim, or when Shree Deep sent its January 31 DTPA demand letter. Relators argue that their counsel continued efforts to work with Shree Deep to resolve the amount of the disputed loss even after suit was filed on March 30, 2012, and that in their view, an impasse was not reached until August 1, 2012, when PSMIC first learned about Shree Deep's estimated repair costs for the claimed damage. The Texas Supreme Court has held that the reasonableness of any delay in asserting an appraisal demand must be measured from the point of impasse, when there is "a mutual understanding that neither will negotiate further." *In re Universal Underwriters*, 345 S.W.3d at 408, 410.

The record reflects that Shree Deep's counsel had discussions with Relator's counsel near the end of June, after suit had been filed, about attending mediation while Shree Deep's "actual damages were only $30,000" and "instead of discovery." Based on this evidence, it appears that the parties were still exploring resolution of this claim as late as June 2012—meaning that three months before Relators filed their motion to compel appraisal, there was still not a mutual understanding that

9

neither of these parties would negotiate further—and the measurement of time for purposes of establishing an unreasonable delay had not yet begun. *See id.* at 410; *see also In re GuideOne Mut. Ins. Co.*, No. 09-12-00581-CV, 2013 Tex. App. LEXIS 599, at *3 (Tex. App.—Beaumont Jan. 24, 2013) (orig. proceeding) (mem. op.) (distinguishing between existence of dispute and development of impasse and noting that parties were still negotiating by engaging in mediation years after filing suit). Even if the point of impasse is measured from the filing of Shree Deep's suit, as done in some cases, *see e.g.*, *In re Universal Underwriters*, 345 S.W.3d at 410, the policy at issue here placed no time limit on making the demand for appraisal and stated that the insured retained the right to sue after appraisal. In a similar context, the court in *GuideOne* conditionally granted mandamus and rejected an argument that the insurer had unreasonably delayed invoking the appraisal clause by waiting to do so until four years after filing its answer and just two months before trial. *Id.* at *2–3. We are not persuaded that Shree Deep has met its burden of showing that Relators waived their contractual right to appraisal by unreasonably delaying to invoke it.

Nor has Shree Deep made the "difficult" showing that it has been prejudiced by a delay in asserting the contractual right to appraisal. *See In re Universal Underwriters*, 345 S.W.3d at 412. Shree Deep argues that Relators' filing of the motion to compel caused the loss of the first trial setting on October 22, 2012, and will impose increased litigation time and expense, but the trial court heard nothing in support of that argument. Without some evidence of the extra expense that Shree Deep would not have incurred but for the delay in demanding appraisal, there is no showing of prejudice. *See In re GuideOne*, 2013 Tex. App. LEXIS 599, at *6 (concluding that there was no showing of prejudice where record failed to establish that insured's litigation expenses would

10

not have been incurred if insurer moved for appraisal earlier). Further, as the Texas Supreme Court has noted, a party sensing that an impasse has been reached could avoid prejudice by demanding an appraisal itself. *In re Universal Underwriters*, 345 S.W.3d at 412 ("[I]t is difficult to see how prejudice could ever be shown when the policy, like the one here, gives both sides the same opportunity to demand appraisal."). Because a showing of prejudice is essential to establishing waiver, this record does not support Shree Deep's argument that Relators waived their contractual right to appraisal.

### 2. Waiver by denial of claim

In a footnote, Shree Deep also contends that PSMIC's September 23 letter denied Shree Deep's claim for roof damage from the covered peril of a windstorm, and such denial was an independent ground for the trial court to deny the motion to compel appraisal. *See, e.g.*, *In re Acadia Ins. Co.*, 279 S.W.3d 777, 780 (Tex. App.—Amarillo 2007, orig. proceeding) (holding that once an insurer denies a claim, it waives any right to appraisal). However, the record reflects that Shree Deep's claim was not denied altogether, PSMIC stated that it was unable to issue payment because the cost to repair the roof damage was less than Shree Deep's $5,000 deductible. In the same letter, PSMIC invited further information to evaluate the claim in the event of Shree Deep's disagreement with PSMIC's estimate of the loss. In a similar context, the court in *Sanchez* held that there was no unconditional denial of liability by an insurer, and no waiver of its right to invoke appraisal, based on the insurer's acceptance of coverage for repairs to a back door damaged by hurricane winds and nonpayment because the damage amount was below the insured's deductible. *Sanchez*, 2010 U.S. Dist. LEXIS 6295, at *12. We disagree that Relators

11

waived appraisal based on the nonpayment for an amount of roof damage that was initially determined by both parties to be less than Shree Deep's deductible.

**Unenforceability under contract law**

Shree Deep also contends that the appraisal clause is unenforceable under general contract law principles because (1) the appraisal clause is illusory, lacks mutuality, requires it to relinquish a jury trial on valuation, and is unconscionable because the contract states that PSMIC retains the right to deny the claim even after appraisal, and (2) any appraisal would be a waste of time because PSMIC denied Shree Deep's roof damage claim for lack of coverage. We disagree.

The theory behind unconscionability in contract law is that courts should not enforce a transaction so one-sided, with so gross a disparity in the values exchanged, that no rational contracting party would have entered the contract. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 892 (Tex. 2010). Shree Deep cites no authority supporting its contention that an appraisal provision like the one in this policy is unconscionable, and the Texas Supreme Court recognizes the general validity of such appraisal provisions absent illegality or waiver. *See In re Universal Underwriters*, 345 S.W.3d at 407. Further, the plain language of this appraisal provision states that the parties are bound by the resulting valuation: a decision on the "appraisal of the loss" "will be binding as to the amount of loss," but Shree Deep retains its right to sue under the policy and PSMIC may still deny a claim on other grounds. Finally, as discussed above, PSMIC has not "denied" having any liability for Shree Deep's roof damage claim, and appraisal is not a "waste of time" insofar as it would use the contractually agreed mechanism for establishing the

12

amount of a covered loss—initially acknowledged by both parties to this policy as falling below the $5,000 deductible.

After considering this record, the parties' arguments and controlling case law, we cannot conclude that "the amount of loss would never be needed," *see Johnson*, 290 S.W.3d at 895, rather, appraisal may establish Relators' defense that the amount of the roof damage attributable to the February 1 windstorm did not exceed Shree Deep's policy deductible. Relators—and Shree Deep—had an enforceable right to seek appraisal under the terms of this policy, and compliance with the appraisal provision was not excused, improper, or waived. As such, we conclude that the order denying Relators' motion to compel appraisal was an abuse of the district court's discretion for which Relators lack an adequate remedy by appeal.

**Abatement**

The Texas Supreme Court has ruled that a trial court's failure to grant a motion to abate is not subject to mandamus. *In re Universal Underwriters*, 345 S.W.3d at 413 n.5 (citing *In re Allstate*, 85 S.W.3d at 196) (concluding that denial of motion to abate is not subject to mandamus because trial court retains some discretion as to appraisal's timing); *In re GuideOne*, 2013 Tex. App. LEXIS 599, at *6 (expressing no opinion on insurer's motion for abatement); *In re Cypress Tex. Lloyds*, No. 01-11-00714-CV, 2011 Tex. App. LEXIS 9884, at *10-11 (Tex. App.—Houston [1st Dist.] 2011) (orig. proceeding). Given this controlling precedent, we deny Relators' petition for mandamus as to the motion to abate litigation.

## CONCLUSION

Having concluded that the trial court's denial of Relators' motion to compel appraisal was an abuse of its discretion and that Relators lack an adequate remedy by appeal, we conditionally grant the petition for writ of mandamus as to the appraisal. *See* Tex. R. App. P. 52.8(c). The writ will issue only if the trial court fails to vacate or modify the appraisal portion of the underlying order in accordance with this opinion. Relators' petition for mandamus as to the motion to abate litigation is denied, and Relators' motion for temporary relief is dismissed.

_____

Jeff Rose, Justice

Before Justices Puryear, Pemberton and Rose

Filed:   February 21, 2013

14