

# NUMBER 13-25-00093-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE GERMANIA FARM MUTUAL INSURANCE ASSOCIATION

## ON PETITION FOR WRIT OF MANDAMUS

## OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Opinion by Justice West[1]**

By petition for writ of mandamus, relator Germania Farm Mutual Insurance Association (Germania) asserts that the trial court[2] abused its discretion by denying its motion to compel appraisal of a property damage claim. Germania's insurance policy

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

[2] This lawsuit arises from trial court cause number C-0411-24-C in the 139th District Court of Hidalgo County, Texas, and the respondent is the Honorable J.R. "Bobby" Flores. *See id.* R. 52.2.

mandates appraisal to resolve the parties' dispute over the value of the loss, and the insureds have not shown a basis for denying enforcement of the appraisal provision. Accordingly, we conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

Real parties in interest Domingo Duran and Veronica Orozco procured a property insurance policy from Germania. In 2023, the real parties submitted a claim on their insurance policy for damages to their home allegedly caused by a severe weather event that occurred on April 21, 2023. Germania's independent adjuster inspected the property, and the inspection found no visible storm damage to the real parties' roof and that damage to the siding of their home was caused by "wear and tear." Germania thus advised the real parties that their "loss [wa]s not covered."

Ultimately, on January 26, 2024, the real parties filed suit against Germania for breach of contract and various violations of the Texas Insurance Code. On February 14, 2024, Germania filed an answer to the real parties' lawsuit, then on April 23, 2024, Germania filed a verified motion to abate the litigation on grounds that the real parties' insurance policy required completion of the appraisal process as a condition precedent to suit. The insurance policy at issue provides in relevant part that:

**14. Suit Against Us.**

a. Before you file or proceed with suit or action against us under this policy concerning the amount of loss payment or request supplemental payment from an occurrence claimed by you:

. . . .

(4) You must provide written notice of your dispute to us and make a written demand for appraisal of the amount of loss for the additional damage, and

2

> (5) The appraisal process must be completed and a determination of the amount of loss made as described in **Conditions, 10. Appraisal.**

. . . .

No action can be brought against us unless there has been full compliance with all of the terms of this policy . . . .

On May 3, 2024, the real parties filed a verified response to Germania's motion to abate the litigation asserting, *inter alia*, that conditions precedent are not favored in the law; Germania's construction of the insurance policy as requiring appraisal was not reasonable when Germania asserted that the real parties' damages were not covered; Germania breached the policy by failing to accept or deny coverage and its breach excused the real parties' performance under the policy; and Germania was using abatement to shield itself from responding to their discovery requests.

On May 13, 2024, Germania filed a motion to compel appraisal, and on July 16, 2024, the real parties filed a response reiterating their earlier arguments and asserting, among other matters, that Germania failed to timely invoke appraisal. On July 17, 2024, after the hearing was rescheduled for various reasons, the trial court ultimately held a hearing on Germania's motion to compel appraisal. On August 27, 2024, the trial court signed an order denying Germania's motion to compel appraisal. On October 17, 2024, Germania filed a motion for reconsideration of that order. The hearing on Germania's motion for reconsideration was scheduled for November 4, 2024, rescheduled to November 12, 2024, and rescheduled yet again to February 5, 2025. On February 10, 2025, the trial court ultimately denied Germania's motion for reconsideration.

This original proceeding ensued. Germania presents two issues, which we construe as one, asserting that the trial court abused its discretion by denying its motion

3

to compel appraisal and its motion for reconsideration of that ruling. The Court requested and received a response to the petition for writ of mandamus from the real parties, and Germania filed a reply thereto.

## II.  STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

The real parties contend that mandamus is inappropriate to review the trial court's "routine interlocutory ruling" denying appraisal. However, mandamus relief is appropriate to enforce an appraisal clause because denying the appraisal would vitiate the insurer's right to defend its breach of contract claim. *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d 404, 412 (Tex. 2011) (orig. proceeding); *In re Allstate Cnty. Mut. Ins.*, 85 S.W.3d 193, 196 (Tex. 2002) (orig. proceeding); *In re SureChoice Underwriters Reciprocal Exch.*, 702 S.W.3d 876, 882 (Tex. App.—Houston [1st Dist.] 2024, orig. proceeding); *In re Acceptance Indem. Ins.*, 562 S.W.3d 645, 649 (Tex. App.—San Antonio 2018, orig. proceeding); *In re Allstate Vehicle & Prop. Ins.*, 542 S.W.3d 815, 822 (Tex. App.—

4

Beaumont 2018, orig. proceeding) (per curiam); *In re State Farm Lloyds*, 514 S.W.3d 789, 792 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

## III.     ANALYSIS

As stated previously, Germania contends that the trial court abused its discretion by denying its motion to compel appraisal and its motion to reconsider that ruling. The real parties vociferously disagree and raise seven defenses to appraisal, which we address in turn.

### A.     Applicable Law

Insurance appraisal clauses "provide a means to resolve disputes about the amount of loss for a covered claim." *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d at 407; *see State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009). "Appraisals can provide a less expensive, more efficient alternative to litigation." *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d at 407. Such clauses are "generally enforceable, absent illegality or waiver." *Id.* A trial court has no discretion to ignore a valid appraisal clause. *Johnson*, 290 S.W.3d at 888; *In re SureChoice Underwriters Reciprocal Exch.*, 702 S.W.3d at 881. Appraisals "should generally go forward without preemptive intervention by the courts." *Johnson*, 290 S.W.3d at 895.

### B.     Delay

The real parties first contend that Germania's delay in filing its petition for writ of mandamus bars relief. The trial court denied Germania's motion to compel appraisal on August 22, 2024, yet Germania did not seek relief in this Court until February 14, 2025, nearly six months later, and the real parties assert that this delay was unreasonable and caused them harm. In terms of harm, the real parties allege that Germania has obstinately

5

refused to participate in the discovery process; they have "incurred substantial attorney's fees prosecuting their case while [Germania] postured about appraisal"; and Germania has "treat[ed] its belated demand for appraisal as a get out of jail free card that excuses its manifest discovery abuse." The real parties support their contention that they have been prejudiced by their counsel's affidavit stating that the real parties have been prejudiced, that Germania has produced no discovery, and that the real parties have been "definitely harmed by the continuous bad faith acts and omissions of Germania throughout the litigation of this case."

"Although mandamus is not an equitable remedy, its issuance is controlled largely by equitable principles." *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam). "One such principle is that '[e]quity aids the diligent and not those who slumber on their rights.'" *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding) (quoting *Callahan v. Giles*, 155 S.W.2d 793, 795 (Tex. 1941) (orig. proceeding)). "Thus, a relator who unduly or unreasonably delays filing a petition for mandamus relief may waive its right to such relief unless the delay is justified." *In re Am. Airlines, Inc.*, 634 S.W.3d 38, 43 (Tex. 2021) (orig. proceeding) (per curiam). Even a "significant" delay may be justified depending on the circumstances. *Id.*

To invoke the equitable doctrine of laches, the moving party ordinarily must show an unreasonable delay by the opposing party in asserting its rights and the moving party's good faith and detrimental change in position because of the opposing party's delay. *In re Laibe Corp.*, 307 S.W.3d 314, 318 (Tex. 2010) (orig. proceeding) (per curiam); *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80 (Tex. 1989); *In re Mabray*, 355 S.W.3d 16, 22 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding [mand. denied]). Whether a party's

6

delay in asserting its rights precludes mandamus relief depends on the circumstances. *In re Oceanografia, S.A. de C.V.*, 494 S.W.3d 728, 730 (Tex. 2016) (orig. proceeding) (per curiam). In examining this issue, we consider whether there is any justification for the delay, whether the party seeking mandamus relief bears fault for the delay, and whether the delay has prejudiced the opposing party. *See id.* at 730–31; *In re Allstate Fire & Cas. Ins.*, 617 S.W.3d 635, 642 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding).

We examine the relevant timeline. On August 27, 2024, the trial court denied Germania's motion to compel appraisal, and on October 17, 2024, Germania filed its motion to reconsider that ruling. On October 18, 2024, the trial court signed an order setting a hearing on the motion to reconsider to occur on November 4, 2024. On October 24, 2024, the trial court signed an agreed order resetting the hearing on Germania's motion to compel appraisal to occur on November 12, 2024. On January 23, 2025, the trial court signed an order again resetting the hearing to occur on February 5, 2025. On February 5, 2025, the trial court held its hearing on the motion. On February 10, 2025, the trial court denied Germania's motion for reconsideration. Germania filed this petition for writ of mandamus on February 14, 2025.

The real parties contend that the period of delay should be measured from the date the trial court denied Germania's motion to compel appraisal and not from the date that the trial court denied Germania's motion for reconsideration. However, the real parties acknowledge that the Texas Supreme Court has calculated the period of delay from the date the trial court denied the relator's motion for rehearing. *See In re Laibe Corp.*, 307 S.W.3d at 318; *see also In re First Reserve Mgmt., L.P.*, No. 09-24-00203-CV, 2025 WL 480807, at *2 (Tex. App.—Beaumont Feb. 13, 2025, orig. proceeding) (mem. op. per

curiam); *In re Five Star Glob., LLC*, No. 05-22-00153-CV, 2022 WL 3354136, at *4 (Tex. App.—Dallas Aug. 15, 2022, orig. proceeding) (mem. op.).

In *In re Laibe Corp.*, the relator sought mandamus relief to enforce a forum selection clause, but "waited two months after notice of the denial of its motion [for reconsideration] to seek mandamus relief in the court of appeals." 307 S.W.3d at 315, 318. The supreme court stated that it did "not find this delay fatal" to the relief sought because "[a] two-month delay in seeking mandamus relief is not necessarily unreasonable." *Id.* at 318. The real parties assert that *Laibe* is distinguishable because the motion for reconsideration in that case "provid[ed] additional evidence and argument." *Id.* at 316. They contend that Germania's motion for reconsideration did not include new evidence, argument, or authority, and that it "is virtually identical to the motion to compel appraisal." The real parties thus argue that the motion for reconsideration was designed merely to "restart the mandamus timelines" as the trial setting approached in the case.

We examine the specific circumstances of the case to determine whether Germania's delay in asserting its rights precludes mandamus relief. *See In re Oceanografia, S.A. de C.V.*, 494 S.W.3d at 729. While the period of delay from the trial court's initial denial of Germania's motion to compel appraisal to the filing of this original proceeding is relatively lengthy, Germania acted well within its rights to seek reconsideration of that ruling. However, we note in this regard that Germania does not explain the month and a half delay between the trial court's initial ruling and Germania's filing of its motion for reconsideration of that ruling. The motion for reconsideration is largely the same as the initial motion; however, it includes an additional six paragraphs of argument comprising approximately two pages of the motion and includes additional

8

authority. The hearing on Germania's motion for reconsideration was rescheduled twice, once by agreement of the parties and once at the trial court's behest. The real parties argue they have been prejudiced because they had to expend time and money to attend hearings on Germania's attempts to enforce the appraisal provision and Germania has used appraisal to avoid responding to discovery. However, the real parties' contentions regarding prejudice are conclusory, and are in effect based on events that occur in the normal course of litigation. *Cf. In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d at 412 (stating that "it is difficult to see how prejudice could ever be shown" when the policy provides both parties with "the same opportunity to demand appraisal"). Based on our consideration of the circumstances at issue, we conclude that Germania did not act in bad faith in seeking to compel the real parties to comply with the appraisal provision. Under these specific circumstances, we conclude the delay does not bar mandamus relief.

## C.     Sufficient Record

Second, the real parties assert that Germania failed to present a sufficient mandamus record to support its claim for relief. The trial court held a hearing on Germania's motion to compel on July 17, 2024, and a hearing on Germania's motion for rehearing on February 5, 2025. The real parties assert that Germania's failure to include the transcripts for these two hearings in their mandamus record precludes mandamus relief.

The relator bears the burden to provide the Court with a sufficient record to establish his right to relief. *See Walker*, 827 S.W.2d at 837; *In re J.A.L.*, 645 S.W.3d 922, 924 (Tex. App.—El Paso 2022, orig. proceeding); *In re Schreck*, 642 S.W.3d 925, 927

9

(Tex. App.—Amarillo 2022, orig. proceeding). The relator's record must include:

(1)     a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding; and

(2)     a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained.

TEX. R. APP. P. 52.7(a). "After the record is filed, relator or any other party to the proceeding may file additional materials for inclusion in the record." *Id.* R. 52.7(b).

The required contents for a record filed in support of an original proceeding depend on what is "material" to the "claim for relief" or what is "relevant" to the "matter complained" about in the original proceeding. *See id.* R. 52.7(a)(1), (2). "Thus, the required contents for a record filed in an original proceeding vary from case-to-case." *In re Monson Law Firm, LLC*, No. 13-25-00095-CV, 2025 WL 1257701, at *4, __ S.W.3d __, __ (Tex. App.— Corpus Christi–Edinburg Apr. 30, 2025, orig. proceeding); *see* TEX. R. APP. P. 52.7(a). Here, the hearings were not evidentiary in nature, and Germania included a statement in its certification providing that no testimony was adduced regarding appraisal at these hearings. *See id.* R. 52.7(a)(1). We determine that Germania provided the Court with a record sufficient to support its request for mandamus review.

## D.     Contractual Suit Limitations

Third, the real parties assert that the trial court correctly denied appraisal because Germania failed to timely request appraisal. They assert that the policy gives them one year after the date of loss to file a claim, and the appraisal provision requires either party to demand appraisal within the contractual suit limitations period stated in the policy. The real parties argue that although their loss occurred on April 21, 2023, Germania did not

10

invoke appraisal until April 24, 2024, one year and three days later.

The terms of the insurance policy do not support this contention insofar as the policy distinguishes between filing a *claim* and filing an *action* or *suit*. The policy provides that "[a]ny demand for appraisal must be made within the contractual suit limitations period stated in this policy. After that time, neither you nor we may demand an appraisal." Regarding filing a claim, the insurance policy provides:

> You may file a claim with us not later than one year after the date of the loss that is the [subject] of the claim. However, if you can show good cause for not filing the claim within the above timeframe, you may file the claim after the first anniversary date of the loss.

In terms of filing suit, however, the policy provides:

> No action can be brought against us unless there has been full compliance with all of the terms of this policy and the action is started by the earliest of the following dates:
>
> a.    Two years from the date we accept or reject the claim; or
>
> b.    Three years from the date of the loss that is the subject of the claim.

Thus, rather than a one-year limitation on seeking appraisal, Germania was subject to a two- or three-year limitation. Accordingly, Germania timely requested appraisal under the policy. We reject the real parties' contention otherwise.

E.    **Dispute Over the Amount of Loss**

Fourth, the real parties argue that the trial court correctly denied appraisal because it applies only when there is a dispute over the amount of loss—and in this case "there is simply no dispute over the amount of the claimed loss" because Germania declined their claim in its entirety. They thus allege that this is a dispute about coverage and causation, and the appraisal clause is inapplicable. We disagree with the real parties' assertion.

Appraisal may proceed even when an insurer denies a claim and there are

disputed issues involving coverage. *See Johnson*, 290 S.W.3d at 893 ("Even if the appraisal here turns out to involve not just damage but liability questions, that does not mean appraisal should be prohibited as an initial matter."); *In re SureChoice Underwriters Reciprocal Exch.*, 702 S.W.3d at 884 (concluding that appraisal was not precluded where the insurance policy provided for appraisal when the parties "fail to agree on the amount of loss" and the case presented issues involving coverage); *In re Liberty Ins. Corp.*, 496 S.W.3d 229, 234–35 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding [mand. denied]) (concluding that the insurer's denial of the insurance claim did not amount to a waiver of its right to appraisal).

## F.    Material Breach

Fifth, the real parties assert that Germania committed a prior material breach of the insurance policy by failing to investigate and pay their covered claims, and this breach excuses them from complying with the remaining terms of the policy, including appraisal. However, alleged breaches do not excuse compliance with appraisal clauses. *See In re Acceptance Indem. Ins.*, 562 S.W.3d 655, 663 (Tex. App.—San Antonio 2018, orig. proceeding) (rejecting the real party's claim that the insurer's alleged breach of the insurance policy excused the real party's compliance with the appraisal provision in the policy); *In re State Farm Lloyds, Inc.*, 170 S.W.3d 629, 635 (Tex. App.—El Paso 2005, orig. proceeding) (explaining that an insurer's alleged failure to comply with some of the policy requirements "does not evidence an intent to dispense with" the appraisal requirements under the policy); *see also In re Pub. Serv. Mut. Ins.*, No. 03-13-00003-CV, 2013 WL 692441, at *3 (Tex. App.—Austin Feb. 21, 2013, orig. proceeding [mand. denied]) (mem. op.) (collecting cases).

12

## G.    Condition Precedent

Sixth, the real parties assert that appraisal is not a condition precedent to suit under the policy, and this Court should interpret the appraisal clause otherwise as a mere covenant. However, the supreme court has expressly held that appraisal "is a condition precedent to suit." *Johnson*, 290 S.W.3d at 894; *see In re SureChoice Underwriters Reciprocal Exch.*, 702 S.W.3d at 885; *In re Allstate Vehicle & Prop. Ins.*, 549 S.W.3d 881, 887 (Tex. App.—Fort Worth 2018, orig. proceeding). Accordingly, based upon established authority, we must reject the real parties' contention that appraisal was not a condition precedent to suit.

## H.    Waiver

Seventh, and finally, the real parties contend that Germania waived its right to appraisal because it unreasonably delayed in requesting it. "In order to establish waiver [of an appraisal clause], a party must show that an impasse was reached, and that any failure to demand appraisal within a reasonable time prejudiced the opposing party." *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d at 412. We measure the reasonableness of the delay from the point of impasse, which is "a mutual understanding that neither [party] will negotiate further." *Id.* at 410.

The real parties contend that the impasse between the parties occurred on June 4, 2023,[3] when Germania denied their claim, yet Germania did not request appraisal until April 24, 2024. Germania disagrees and asserts that its June 4, 2023 letter, which instructed the real parties to notify it if they discovered any new information or had any

---

[3] The real parties' identification of the "impasse" date has wavered from June 4, 2023, as argued in this original proceeding, to August 19, 2023, as asserted in the real parties' response to Germania's motion to compel appraisal.

questions, "reflects a clear willingness to negotiate and work together to resolve this claim." Germania further argues that the real parties' statutory notice letter sent on August 25, 2023, expressly provides that they are "open to good faith discussions with the insurer and/or its counsel as to the proper value of this claim," and they "look forward to discussing this matter to avoid the additional time, expenses, and costs of litigation on both sides."

Here, Germania invoked appraisal within the time limitation contained in its insurance policy. The real parties' statutory notice letter of August 25, 2023, clearly indicates that the real parties did not understand that an impasse had been reached by that date. The real parties filed suit on January 26, 2024, Germania filed its motion to abate for appraisal on April 23, 2024, and Germania filed its motion to compel appraisal on May 13, 2024, less than four months later. In any event, "[w]e will not infer waiver where neither explicit language nor conduct indicates that such was the party's intent." *Id.* The record before us fails to include any such language or conduct. *See id.* Accordingly, we conclude that Germania did not waive its right to seek appraisal through delay. *See id*.

I.      **Summary**

We conclude that the trial court abused its discretion by denying Germania's motion to compel appraisal, and Germania lacks an adequate remedy by appeal to address this error. *See In re Universal Underwriters of Tex. Ins*., 345 S.W.3d at 412; *In re SureChoice Underwriters Reciprocal Exch.*, 702 S.W.3d at 882; *In re Acceptance Indem. Ins.*, 562 S.W.3d at 649; *In re Allstate Vehicle & Prop. Ins.*, 542 S.W.3d at 822. We sustain the issue presented by Germania in this original proceeding.

14

## IV. CONCLUSION

The Court, having examined and fully considered Germania's petition for writ of mandamus, the real parties' response, Germania's reply, and the applicable law, is of the opinion that Germania has met its burden to obtain relief. We conditionally grant the petition for writ of mandamus and direct the trial court to: (1) vacate its August 27, 2024 order denying Germania's motion to compel appraisal and its February 10, 2025 order denying reconsideration of that ruling; and (2) grant Germania's motion to compel appraisal. Our writ will issue only if the trial court fails to comply.

JON WEST
Justice

Delivered and filed on the
22nd day of July, 2025.