**In re LAIBE CORPORATION, Relator.**

**No. 09–0426.**

Supreme Court of Texas.

March 26, 2010.

David W. Whitehurst, Frank Gerhardt Cawley, Whitehurst & Cawley, L.L.P., Addison, TX, for Relator.

William K. Clary, William K. Clary, P.C., Bridgeport, TX, Andrew D. Sims, Elizabeth Hampson Moore, Harris Finley & Bogle, P.C., Fort Worth, TX, for Real Party in Interest.

PER CURIAM.

Laibe Corporation seeks a writ of mandamus to enforce a contractual forum-selection clause. We conditionally grant the writ.

Laibe entered into a contract to sell a drilling rig to Jackson Drilling Services, L.P. A New Equipment Purchase Contract, prepared by Laibe and dated March 10, 2006, contains the following forum-selection clause:

> YOU AGREE THAT THE COURT OF THE STATE OF INDIANA FOR MARION COUNTY OR ANY FEDERAL DISTRICT COURT HAVING THE JURISDICTION IN THAT COUNTY SHALL HAVE EXCLUSIVE JURISDICTION FOR THE DETERMINA-

TION OF ALL DISPUTES ARISING UNDER THIS CONTRACT. You agree and consent that we may serve you by registered or certified mail, which shall be sufficient to obtain jurisdiction. Nothing stated in this Contract is intended to prevent us from commencing any action in any court having proper jurisdiction.

Jackson Drilling had problems with the rig and sued Laibe in Wise County, Texas district court. Jackson Drilling alleged that the rig's hydraulic pump malfunctioned and that repair and warranty work performed by Laibe was substandard. The petition sought a declaratory judgment and damages for deceptive trade practices, fraud, and breach of contract.

Laibe filed a motion to dismiss on grounds that the forum-selection clause compelled suit in Indiana. The trial court denied the motion after a hearing. Because Jackson Drilling had not filed a response to the motion to dismiss until the day of the hearing, Laibe filed a motion to reconsider providing additional evidence and argument. This motion was denied by an order signed on December 19, 2008, and filed on December 22, 2008.

On March 23, 2009, Laibe filed a mandamus petition in the court of appeals, which denied relief in a three-sentence memorandum opinion. Laibe then sought mandamus relief in this Court.

█ A writ of mandamus will issue if the trial court committed a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding). This Court has repeatedly granted mandamus relief to enforce forum-selection clauses. *In re ADM Investor Servs., Inc.*, 304 S.W.3d 371 (Tex.2010) (orig. proceeding); *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672 (Tex. 2009) (orig. proceeding); *In re Lyon Fin.*

*Servs., Inc.*, 257 S.W.3d 228 (Tex.2008) (orig. proceeding); *In re AutoNation, Inc.*, 228 S.W.3d 663 (Tex.2007) (orig. proceeding); *In re Automated Collection Techs., Inc.*, 156 S.W.3d 557 (Tex.2004) (orig. proceeding); *In re AIU Ins. Co.*, 148 S.W.3d 109 (Tex.2004) (orig. proceeding). We have granted mandamus relief in these cases "because a trial court that improperly refuses to enforce such a clause has clearly abused its discretion," *ADM Investor Servs.*, 304 S.W.3d at 374, and because "[t]here is no adequate remedy by appeal when a trial court refuses to enforce a forum-selection clause," *id.* at 376.

█ Forum-selection clauses are generally enforceable and presumptively valid. *Int'l Profit Assocs.*, 274 S.W.3d at 675, 680. A trial court abuses its discretion in refusing to enforce the clause unless the party opposing enforcement clearly shows "(1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial." *ADM Investor Servs.*, 304 S.W.3d at 375. "The burden of proof is heavy for the party challenging enforcement." *Id.*

█ Jackson Drilling argues that enforcement of the clause would be unreasonable and unjust because the sale of the drilling rig was the subject of a January 10, 2006 invoice that did not contain a forum-selection clause. The invoice in the record is unsigned although it has a signature line. However, Doug Jackson, a Jackson Drilling manager/partner, testified at the hearing on the motion to dismiss that he signed a copy of the invoice. Jackson Drilling further points out that, pursuant to the terms of the invoice, it made a $75,000 deposit before the March

10, 2006 New Equipment Purchase Contract containing the forum-selection clause. The later agreement is signed by Doug Jackson twice, once on behalf of Jackson Drilling and once as an individual guarantor. Jackson testified that he could not remember signing the later contract, but answered "no" when asked whether he was "stating under oath that it is not your signature."

 The later agreement containing the forum-selection clause also contains a standard merger clause stating that "[t]his Contract is the entire agreement" of the parties and "no other oral or written agreements, terms or promises" shall be binding. The merger clause thus indicates that the invoice on which Jackson Drilling relies is not the final and binding agreement of the parties. Even if, for some reason, the merger clause is disregarded for purposes of Jackson Drilling's argument, a contract can consist of more than one document. Documents "pertaining to the same transaction may be read together," even if they are executed at different times and do not reference each other, and "courts may construe all the documents as if they were part of a single, unified instrument." *Fort Worth Indep. Sch. Dist. v. City of Fort Worth,* 22 S.W.3d 831, 840 (Tex.2000). Here, the two writings pertained to the same transaction. Jackson Drilling's own petition alleged that it purchased the rig "[o]n or about March 10, 2006," the date of the agreement containing the forum-selection clause.

Insofar as Jackson Drilling contends the later agreement added new terms, including the forum-selection clause, that modified a finalized and preexisting contract set out in the earlier invoice, this argument is inconsistent with the merger clause described above. Moreover, under the Uniform Commercial Code, an agreement modifying a contract for the sale of goods requires no new consideration to be binding. TEX. BUS. & COM.CODE § 2.209(a). Further, we have held that a forum-selection clause like the one at issue does not require mutuality of obligation so long as the contract as a whole provides consideration. *Lyon Fin. Servs.,* 257 S.W.3d at 233. Here, the contract as a whole did not lack for consideration; it was a routine sale of equipment between two business entities, with one party providing consideration in the form of goods and the other party providing monetary consideration.

Jackson Drilling argues that enforcing the forum-selection clause and requiring litigation in Indiana would be seriously inconvenient. Doug Jackson testified that the invoice was signed in Texas, the rig had problems here, and having to send personnel to Indiana would be disruptive to Jackson Drilling's business. However, we will decline to enforce a forum-selection clause against a party only if the inconvenience it faces is so extreme as to effectively deny the party its day in court. *Id.* at 234.

In recognizing that forum-selection clauses are generally and presumptively enforceable, we have noted that "[b]y entering into an agreement with a forum-selection clause, the parties effectively represent to each other that the agreed forum is not so inconvenient that enforcing the clause will deprive either party of its day in court, whether for cost or other reasons." *Id.* Absent proof of "special and unusual circumstances," trial in another forum is not " 'so gravely difficult and inconvenient' " as to warrant disregarding the contractually-specified forum. *Id.* (quoting *AIU Ins. Co.,* 148 S.W.3d at 113).

Jackson Drilling did not carry its heavy burden of clearly showing it would be deprived of its day in court. Doug Jackson gave very brief testimony that Jackson Drilling's daily operations would basically cease if it were required to pursue a law-

suit in Indiana, but "[i]f merely stating that financial and logistical difficulties will preclude litigation in another state suffices to avoid a forum-selection clause, the clauses are practically useless." *Id.* The testimony, lacking in specifics or elaboration as to the nature of Jackson Drilling's business or the witness's understanding of the burden of litigation in another forum, was conclusory and did not amount to a clear showing of special and unusual circumstances. We have held that "conclusory statements are insufficient to establish" the level of extreme inconvenience required to disregard the forum-selection clause. *ADM Investor Servs.,* 304 S.W.3d at 375.

 Finally, Jackson Drilling contends that Laibe failed to pursue mandamus relief diligently. The trial court denied Laibe's motion to reconsider by order signed December 19, 2008 and filed on December 22, 2008. Laibe filed its mandamus petition in the court of appeals on March 23, 2009. Laibe claims, and Jackson Drilling does not dispute, that Laibe did not receive a copy of the trial court order denying the motion to reconsider until mid-January, 2009. Nevertheless, Laibe waited two months after notice of the denial of its motion to seek mandamus relief in the court of appeals. We do not find this delay fatal to Laibe's petition. A two-month delay in seeking mandamus relief is not necessarily unreasonable. *See Strickland v. Lake,* 163 Tex. 445, 357 S.W.2d 383, 384 (1962) (orig. proceeding).

Issuance of mandamus relief "is largely controlled by equitable principles," and equity " 'aids the diligent and not those who slumber on their rights.' " *Rivercenter Assocs. v. Rivera,* 858 S.W.2d 366, 367 (Tex.1993) (quoting *Callahan v. Giles,* 137 Tex. 571, 155 S.W.2d 793, 795 (1941)). To invoke the equitable doctrine of laches, the moving party ordinarily must show an

unreasonable delay by the opposing party in asserting it rights, and also the moving party's good faith and detrimental change in position because of the delay. *Rogers v. Ricane Enters., Inc.,* 772 S.W.2d 76, 80 (Tex.1989). Jackson Drilling has not demonstrated a detrimental change in position between the time the motion for reconsideration was denied in the trial court and the filing of the mandamus petition in the court of appeals. *See In re E.I. du Pont de Nemours & Co.,* 92 S.W.3d 517, 524 (Tex.2002) (orig. proceeding) (rejecting argument that unreasonable delay barred mandamus relief, in part because "plaintiffs have failed to show how the delay has prejudiced them in any way").

Accordingly, without hearing oral argument, *see* TEX.R.APP. P. 52.8(c), we conditionally grant mandamus relief and direct the trial court to grant Laibe's motion to dismiss. We are confident that the court will comply, and the writ will issue only if it does not.