**AFFIRM; and Opinion Filed July 21, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-00922-CV

### WILLIAM KRUEGER, Appellant
### V.
### PULSE EVOLUTION CORPORATION, Appellee

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-06084**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Evans
Opinion by Justice Lang-Miers

William Krueger appeals the trial court's order dismissing his lawsuit against Pulse Evolution Corp. Pulse moved to dismiss the lawsuit arguing that its employment agreement with Krueger, formerly Pulse's chief financial officer, contained a forum selection clause and an arbitration clause requiring the parties to resolve their disputes in Florida. Krueger argued that his claims do not fall within the scope of the employment agreement and are not subject to the forum selection clause. We agree with Pulse and affirm the trial court's order dismissing Krueger's claims.

### BACKGROUND

Pulse states in its motion to dismiss that it is a Nevada corporation with its headquarters in Florida. It is a digital production and intellectual property company that produces specialized, high-impact applications of computer-generated human likeness for use in entertainment, life

sciences, education, and telecommunication. It develops "virtual humans" for live and holographic concerts, advertising, feature films, branded content, medical applications, and training. In May 2014, Krueger became the executive vice president and chief financial officer of a subsidiary of Pulse and signed an employment agreement with the subsidiary. At some point, Pulse assumed the employment agreement and Krueger became Pulse's CFO. Paragraph 25 of the employment agreement contained an arbitration clause and a forum selection clause:

25. Dispute Resolution; Attorneys' Fees; Waiver of Jury Trial. Any dispute under this Agreement shall be resolved by arbitration conducted in Palm Beach County, Florida, in accordance with the Commercial Arbitration Rules of the American Arbitration Association (the "Rules") in effect at the time a demand for arbitration is first made, which Rules are incorporated by reference into this clause. The requirements of AAA relating to Florida licensed legal counsel and the notices and fees associated with appearance of Florida counsel not licensed in Florida are waived. A single arbitrator shall be chosen by mutual agreement of the parties. If the parties cannot agree on a single arbitrator, then the arbitration shall be conducted by three (3) arbitrators whereby each party shall choose one ( 1) arbitrator and those two (2) arbitrators shall select a third arbitrator. The arbitration shall be conducted in a single hearing, and the arbitrator(s) shall render his/her/their decision within a reasonable time after the conclusion of the hearing. In a written decision, the arbitrator(s) shall specify the basis for his/her/their decision, the basis for the damages award and a breakdown of the damages awarded, and the basis of any other remedy. With regard to any arbitration or other proceeding filed or brought by any of the parties against another party, each party shall bear his/its own fees and costs; provided, however, that the Prevailing Party (defined below) shall be entitled to recover all of its reasonable costs and expenses incurred in connection with such dispute, including expenses, court costs, witness fees and legal and accounting fees. The term "Prevailing Party" means that party whose position is substantially upheld in a final judgment rendered in such proceeding. The arbitrator's decision shall be considered as a final and binding resolution of the dispute, shall not be subject to appeal and may be entered as an order in any court of competent jurisdiction in the United States. The parties agree to submit to the jurisdiction of any such court for purposes of the enforcement of any such order. The provisions of this Agreement shall be binding upon the arbitrator. Any arbitration proceeding shall be conducted on a confidential basis. The arbitrator's discretion to fashion remedies hereunder shall be no broader or narrower than the legal and equitable remedies available to a court. Either party may seek provisional relief in an appropriate court as allowed by law. In the event that arbitration cannot be compelled or in order to enforce arbitration, each party submits to the exclusive jurisdiction of any state or federal (if it has or can acquire jurisdiction) court in Port St. Lucie County, Florida, and waives all defenses with respect to jurisdiction or venue. TO THE EXTENT PERMIITED BY LAW, EACH OF THE PARTIES HERETO IRREVOCABLY

WAIVES ALL RIGHT TO A TRIAL BY JURY IN ANY SUIT. [sic] ACTION OR OTHER PROCEEDING INSTITUTED BY OR AGAINST SUCH PARTY IN RESPECT OF ITS OR HIS OBLIGATIONS HEREUNDER.

About eight months after Krueger signed the employment agreement, Pulse terminated his employment. Krueger asked Pulse to inform its current and prospective investors and the public generally that he was no longer associated with Pulse. However, Pulse continued to represent Krueger as Pulse's CFO on its website, and Krueger sued Pulse in Dallas County. The lawsuit alleged, among other things, that Pulse misappropriated Krueger's name and represented that Krueger was still affiliated with Pulse to induce creditors and vendors to extend services and accept stock and equity in Pulse. Pulse moved to dismiss Krueger's claims pursuant to the forum selection clause. The trial court granted Pulse's motion and dismissed Krueger's lawsuit without prejudice. Krueger appeals.

## STANDARD OF REVIEW & APPLICABLE LAW

We review a trial court's order dismissing a lawsuit for an abuse of discretion. *Chandler Mgmt. Corp. v. First Specialty Ins. Corp.*, 452 S.W.3d 887, 891 (Tex. App.—Dallas 2014, no pet.). When the order is based on the interpretation of a contract containing a forum selection clause, we review the trial court's interpretation of the contract de novo. *CNOOC Se. Asia Ltd. v. Paladin Res. (SUNDA) Ltd.*, 222 S.W.3d 889, 894 (Tex. App.—Dallas 2007, pet. denied).

"Forum selection clauses are generally enforceable and presumptively valid." *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010). When deciding whether to enforce a forum selection clause, a court must determine whether the claims fall within the scope of the clause. *Deep Water Slender Wells, Ltd. v. Shell Int'l Expl. & Prod., Inc.*, 234 S.W.3d 679, 687 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *see also RSR Corp. v. Siegmund*, 309 S.W.3d 686, 700 (Tex. App.—Dallas 2010, no pet.). A court makes this determination based on the language of the clause and the nature of the claims asserted in the lawsuit. *Deep Water Slender Wells*, 234

–3–

S.W.3d at 687; *RSR Corp.*, 309 S.W.3d at 700. In examining the claims asserted in the lawsuit, a court does not "'slavish[ly] adhere[] to a contract/tort distinction.'" *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 677 (Tex. 2009) (per curiam) (quoting *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 444 (5th Cir. 2008)). Instead, the court must examine the claims in "a common-sense" manner being wary of "artful pleading" that "would allow a litigant to avoid a forum-selection clause." *Id.*

We construe a contract containing a forum selection clause under general contract principles. *CNOOC Se. Asia Ltd.*, 222 S.W.3d at 895. Contract construction begins with the contract's plain language. *Id.* We presume the parties intended each contractual provision to have meaning, and we attempt to harmonize its provisions so that none is rendered meaningless. *Id.* We give terms their plain, ordinary, and generally accepted meaning unless the contract shows a different meaning was intended. *See Valance Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005).

## DISCUSSION

In his "issue presented," Krueger argues that the trial court erred by granting Pulse's motion to dismiss and dismissing his lawsuit based on paragraph 25 of the employment agreement. Within this issue, Krueger makes two points: (1) the trial court erred by dismissing his lawsuit "because the narrow forum selection clause in the Employment Agreement, which applies only to 'disputes under [the] Agreement,' does not apply to the dismissed claims"; and (2) "[t]he trial court erred to the extent that it found the arbitration clause in the Employment Agreement to apply in this case." We address Krueger's first point.

Krueger's claims are noncontractual. Whether they fall within the scope of the employment agreement's forum selection clause depends on the parties' intent as expressed in the agreement and a common-sense examination of the substance of the allegations. *Pinto Tech.*

*Ventures, L.P. v. Sheldon*, No. 16-0007, 2017 WL 2200357, at *5 (Tex. May 19, 2017). Krueger challenges only the parties' intent as expressed in the forum selection clause.

The first sentence of paragraph 25 of the employment agreement states that "[a]ny dispute under this Agreement shall be arbitrated" in Palm Beach County, Florida. The forum selection clause, which is found much later in the paragraph, states, "In the event that arbitration cannot be compelled or in order to enforce arbitration," exclusive jurisdiction lies in Port St. Lucie County, Florida.

Krueger acknowledges that the forum selection clause does not contain the modifying language "under this Agreement" that is contained in the arbitration clause. But he contends that the forum selection clause should be interpreted narrowly to apply only to "disputes under [the] agreement." *See RSR Corp*, 309 S.W.3d at 700–01 (discussing difference between claim that arises "under" agreement and one that "arises out of" or "relates to" agreement). He argues that "a common sense examination of [his] claims in this case shows that they are based entirely on statutory and common law, rather than any breach" of the employment agreement.

Pulse, on the other hand, argues that the parties' omission of the modifying language "under this Agreement" in the forum selection clause is evidence that the parties did not intend to limit the forum selection clause only to disputes that sought to enforce the agreement. *See id.* (explaining that claim "under" agreement sought to enforce agreement). Pulse also argues that to adopt Krueger's interpretation would render portions of the paragraph in conflict or meaningless.

We agree with Pulse. The modifying language "under this Agreement" is found only in the arbitration clause, which is the first sentence of paragraph 25. The forum selection clause, found in lines 27–30 of paragraph 25, states that it applies to disputes in which arbitration cannot be compelled. Additionally, each clause selects a different county in Florida as the forum for dispute resolution. To give meaning to both the arbitration clause and the forum selection clause,

the forum selection clause must refer to disputes that are not subject to the arbitration clause, that is, disputes that do not arise "under this Agreement." If the parties wanted this modifying language to apply to the forum selection clause, they could have said so. *See Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 792–93 (Tex. 2005). And we will not add words to a contract under the guise of interpretation. *LG Ins. Mgmt. Servs., L.P. v. Leick*, 378 S.W.3d 632, 638 (Tex. App.—Dallas 2012, pet. denied). Any other interpretation would render the arbitration clause and the forum selection clause in conflict.

We conclude that the parties did not limit the forum selection clause to disputes that arise "under this Agreement" and the clause is not so limited. And because appellant does not otherwise argue that the forum selection clause does not apply, we resolve Krueger's first point against him and do not need to reach his second point.

## CONCLUSION

We conclude that the trial court did not abuse its discretion by granting Pulse's motion to dismiss. We affirm the trial court's order.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

160922F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM KRUEGER, Appellant

No. 05-16-00922-CV      V.

PULSE EVOLUTION CORPORATION,
Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-15-06084.
Opinion delivered by Justice Lang-Miers.
Justices Bridges and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Pulse Evolution Corporation recover its costs of this appeal from appellant William Krueger.

Judgment entered this 21st day of July, 2017.