**Petition for Writ of Mandamus Granted and Memorandum Opinion filed September 13, 2018.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-18-00610-CV**

---

## IN RE EP FLOORS CORP., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**56th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 18-CV-0426**

---

## MEMORANDUM OPINION

On July 26, 2018, relator EP Floors Corp. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Lonnie Cox, presiding judge of the 56th District Court of Galveston County, to vacate his order denying EP Floors's motion to dismiss the suit based on a forum-selection clause in the contract between EP Floors and the real party-in-interest, Galveston Shrimp Company, LLC.

We conditionally grant relief.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 7, 2017, Galveston Shrimp contracted with EP Floors to install a new urethane floor coating at Galveston Shrimp's seafood processing facility.

The parties' written contract included a five-year warranty by EP Floors and a "Choice of Law and Forum" provision, requiring that (1) Massachusetts law be applied to any dispute between the parties arising out of the contract or either parties' performance, and (2) except in two situations, all actions brought by either party against the other be brought in the Superior Court of Hampden County, Massachusetts.

In late August 2017, Hurricane Harvey hit the Texas Gulf Coast, causing damage throughout Texas, including Galveston Island. Shortly thereafter, Galveston Shrimp complained to EP Floors that a portion of the floor was delaminating from the underlying concrete substrate.

After EP Floors failed to remedy this problem, Galveston Shrimp filed suit against EP Floors in Galveston County for breach of the contract and its warranty.

EP Floors filed a motion asking the trial court to enforce the forum-selection clause and dismiss the case without prejudice as to re-filing in Hampden County, Massachusetts.

After a non-evidentiary hearing on EP Floors's motion to dismiss, the trial court signed an order denying the motion.

## MANDAMUS STANDARD

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal.

*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

A trial court abuses its discretion when it fails to properly interpret or apply a forum-selection clause. *In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 883 (Tex. 2010) (per curiam). An appellate remedy is inadequate when a trial court improperly refuses to enforce a forum-selection clause because allowing the trial to go forward will vitiate and render illusory the subject matter of an appeal, *i.e.*, trial in the proper forum. *Id.* Thus, mandamus relief is available to enforce an unambiguous forum-selection clause. *Id.*

Forum-selection clauses are generally enforceable and presumptively valid. *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding) (per curiam); *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 675 (Tex. 2009) (orig. proceeding) (per curiam). The court must first determine whether the claims fall within the scope of the forum-selection clause. *Deep Water Slender Wells, Ltd. v. Shell Intern. Expl. & Prod., Inc.*, 234 S.W.3d 679, 687–88 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). If the claims fall within the scope, the court must determine whether to enforce the clause. *Id.* at 688. A trial court abuses its discretion in refusing to enforce the clause unless the party opposing enforcement clearly shows (1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum

where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial. *Laibe Corp*., 307 S.W.3d at 316.[1]

## ANALYSIS

### A. The trial court erred by concluding that the forum-selection clause is ambiguous.

The parties' contract includes the following choice-of-law and forum-selection clause:

> **Choice of Law and Forum**: All actions arising out of this contract, its formation, or the performance by either party thereunder shall be governed and construed under the laws of the Commonwealth of Massachusetts. All actions brought by either party to this contract against the other shall be brought in the Superior Court of Hampden County, Massachusetts unless EPF [EP Floors], as Plaintiff in any action, chooses a different forum, or the parties agree to a different forum. Alternate forums shall be limited to either the locus of the work performed or to be performed under this contract or the principle office of the party for whom the work is being performed.

The forum-selection clause is mandatory and provides that all actions by either party against the other must be brought in the Superior Court of Hampden County, Massachusetts, with two exceptions—namely, (1) if EP Floors, as plaintiff, chooses a different forum, or (2) the parties agree to a different forum. The last sentence of the forum-selection clause referencing "[a]lternative forums" pertains to

---

[1] In its response to the petition for writ of mandamus, Galveston Shrimp does not argue that any of these four exceptions apply. Nor did Galveston Shrimp offer any evidence of these exceptions in the trial court. *See In re Automated Collection Techs., Inc*., 156 S.W.3d 557, 559 (Tex. 2004) (orig. proceeding) (per curiam) (concluding that party opposing the forum-selection clause's enforcement did not sustain its burden because it "submitted no evidence showing that enforcement of the clause would be unreasonable or unjust and does not assert that the clause is invalid").

the two exceptions stated in the preceding sentence and simply limits the alternate or different forums that EP Floors may choose or the parties may agree to "to either the locus of the work performed or to be performed under this contract or the principle office of the party for whom the work is being performed." These exceptions do not apply because there is no contention or evidence that EP Floors chose a different forum or that the parties agreed to a different forum.

Galveston Shrimp's action is within the scope of the forum-selection clause because it is a suit between the parties that arises from the contract—Galveston Shrimp sued EP Floors for (1) breach of the very contract that contains the forum-selection clause, and (2) breach of the express warranty included in the contract.

At the hearing, the trial court concluded, sua sponte, that the "[a]lternate forums" sentence in the forum-selection clause is ambiguous and denied EP Floors's motion to dismiss for that reason. We proceed to consider whether this conclusion is correct.

"Whether a contract is ambiguous is a question of law, subject to de novo review." *Bowden v. Phillips Petroleum Co*., 247 S.W.3d 690, 705 (Tex. 2008). "A contract is not ambiguous simply because the parties disagree over its meaning." *Dynegy Midstream Servs., Ltd. P'ship v. Apache Corp*., 294 S.W.3d 164, 168 (Tex. 2009). A contract is ambiguous only when "its meaning is uncertain and doubtful or is reasonably susceptible to more than one interpretation." *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996). On the other hand, if the contract is subject to two or more reasonable interpretations after applying the pertinent rules of construction, the contract is ambiguous. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003).

The trial court apparently concluded that the "[a]lternate forums" sentence could reasonably be construed as being independent of and as not referring to the two exceptions to the requirement—that actions be brought in the Massachusetts court—stated in the preceding sentence. This interpretation is not reasonable because "[a]lternative forums" is a synonym for "different forums" which is used in the preceding sentence. The following "[a]lternative forums" sentence limits the two exceptions—if EP Floors chooses a different forum or the parties agree to a different forum—"to either the locus of the work performed or to be performed under this contract or the principle office of the party for whom the work is being performed." In other words, the "[a]lternative forums" sentence is not a separate and independent forum-selection provision; it simply modifies or limits the preceding sentence stating the two exceptions to the provision that suit shall be brought in the Superior Court of Hampden County, Massachusetts.

Additionally, in identifying the intent of the parties to contract "we must examine and consider the entire writing to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333 (Tex. 2011). "No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument." *J.M. Davidson, Inc.*, 128 S.W.3d at 229. The trial court's interpretation of the "[a]lternate forums" sentence as a separate and independent forum-selection provision negates and renders meaningless the preceding sentence ("[a]ll actions brought by either party to this contract against the other shall be brought in the Superior Court of Hampden County, Massachusetts") because this interpretation would allow either

party to file suit in forums other than Massachusetts, even though the contract states that only EP Floors may do so. In other words, under the trial court's interpretation, the provision requiring that "[a]ll actions brought by either party to this contract against the other shall be brought in the Superior Court of Hampden County, Massachusetts" would have no effect. On the other hand, if the "[a]lternate forums" sentence is read to modify and limit the forums that EP Floors could choose or that the parties could agree to, then the entire forum-selection clause is harmonized and has meaning.

Accordingly, the trial court erred in concluding that the forum-selection clause is ambiguous and abused its discretion by denying EP Floors's motion to dismiss.

## CONCLUSION

We therefore conditionally grant the petition for writ of mandamus and direct the trial court to: (1) vacate its order denying EP Floors's motion, and (2) dismiss the suit without prejudice. We are confident the trial court will act in accordance with this opinion. The writ of mandamus shall issue only if the trial court fails to do so.


PER CURIAM


Panel consists of Justices Jamison, Wise, and Jewell.

7