

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00323-CV

IN RE E.S., RELATOR

ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

December 30, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

E.S. petitioned us for a writ of mandamus directing the Honorable Mark Hocker, County Court at Law #1, Lubbock County, (trial court) to vacate his order denying E.S.'s petition for writ of habeas corpus. Through the latter, E.S. sought to obtain possession of his two children after their mother died. At the time he petitioned for habeas relief, the children were in the possession of their maternal grandmother. The trial court denied habeas relief after finding that 1) E.S. consented or acquiesced to the relinquishment of actual possession and control of the children for at least six months before petitioning for habeas relief and 2) there existed a serious and immediate question regarding the welfare of the children if relief were granted. We deny the petition for several reasons.

First, mandamus issues to assist the diligent and not those who slumber on their rights. *In re Laibe Corp.*, 307 S.W.3d 314, 318 (Tex. 2010) (orig. proceeding) (per curiam). Whether a relator so slumbered depends upon whether the delay was unreasonable and the opponent, in good faith, encountered a detrimental change in position due to the delay. *Id.* Satisfaction of these elements depends on the circumstances involved in the particular case. *In re Oceanografia, S.A.*, 494 S.W.3d 728, 730 (Tex. 2016) (orig. proceeding) (per curiam).

Here, the order denying E.S.'s petition to gain possession of the children was denied by written order signed on May 28, 2019, and orally (in open court) on May 20, 2019. Not until September 19, 2019, did E.S. seek mandamus relief from us. This delay of approximately four months was explained in part. Apparently, E.S. did not retain counsel to pursue such relief until August 22, 2019. Between August 22nd and September 19th, counsel allegedly experienced difficulty in obtaining the documents necessary to support mandamus. Assuming the latter to be true, no reason was given explaining the delay between either May 20th or 28th and August 22nd, however.

Moreover, during the interim from May 28th to September 19th, the trial court executed temporary orders appointing the children's grandmother temporary managing conservator. These orders were signed in July of 2019. In executing the orders, it imposed duties of care and control over the children upon grandmother. Those duties included, among other things, the duty to shelter, feed, clothe, and educate the children. So too did grandmother become legally obligated to provide them medical and dental care. The obligations incurred are quite significant and may have been avoided had E.S. petitioned for mandamus relief sooner.

Our Supreme Court has long said that "'[j]ustice demands a speedy resolution'" of child custody issues. *In re Tex. Dep't. Fam. & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding) (quoting *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987)). The approximate and unexplained three-month delay in obtaining legal counsel to petition for mandamus relief and the additional one-month lapse before filing that petition ignores the foregoing admonishment. That and grandmother's assuming the legal duties and obligations attendant to caring for the children leads us to conclude that E.S. failed to act diligently and, thereby, forfeited his right to attack the May 28th order via a petition for mandamus relief.

Second, the findings underlying the trial court's refusal to grant E.S. possession of the children were derived from evidence presented at a hearing. During that hearing, E.S. tried to explain why he had not seen the children in about two years. He blamed it on their mother removing them from Colorado and returning them to Texas. So too did he describe his purported efforts to communicate with or contact them. Yet, the trial court also heard testimony about 1) his failure or refusal to provide for their financial support after they moved to Lubbock, 2) his failure to pursue legal avenues in either Colorado or Texas to obtain possession of the children or otherwise garner periods of visitation, 3) his having never seen the younger of the two children, 4) his nominal efforts to contact the children while travelling through or near Lubbock, 5) the absence of attempt to contact the children for at least six months before seeking habeas relief, 6) the children knowing little to nothing about E.S. or his family, 7) the very young age of the children, 8) the ties between the children and their current environment and caregivers, and 9) the lack of familiarity between the children, E.S., and E.S.'s family.

The foregoing evidence is mentioned only to illustrate the presence of fact issues necessitating resolution before the trial court could arrive at the findings which justified its decision. They encompass such questions as whether E.S. actually acquiesced to the relinquishment of possession by forgoing legal effort to obtain them, by failing to financially support them, and by making only sporadic effort to communicate or contact them. His words may have said one thing, but his actions another. That was a matter the trial court had to decide. Another question was whether the emotional and physical welfare of the children would be jeopardized by removing them from an environment with which they were familiar and in which they are cared for and placing them with an unfamiliar parent who neglected his financial responsibilities.

We are prohibited from dealing with disputed areas of fact in an original mandamus proceeding. *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding). That is, disputed material facts prevent us from granting mandamus relief. *In re Seas*, No. 13-17-00685-CV, 2018 Tex. App. LEXIS 1035, at *8 (Tex. App.—Corpus Christi Feb. 6, 2018, orig. proceeding) (mem. op.) (stating that "disputed facts prevent the Court from resolving issues in a mandamus proceeding"). So, the disputed issues of fact underlying the trial court's ruling here bar us from acting.

The petition for writ of mandamus is denied.


Per Curiam

4