

# NUMBER 13-22-00311-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE TEXAS MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK POOL

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Tijerina
### Memorandum Opinion by Justice Longoria[1]

On July 12, 2022, relator the Texas Municipal League Intergovernmental Risk Pool (the Risk Pool) filed a petition for writ of mandamus contending that the trial court abused its discretion by refusing to enforce a "binding contractual forum selection clause that

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

requires that any suit must be brought exclusively in the courts of Travis County, Texas."[2] We deny the petition for writ of mandamus.

Mandamus is an extraordinary remedy issued at the discretion of the court. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or is a clear abuse of discretion and there is no adequate appellate remedy. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The Texas Supreme Court has repeatedly held that mandamus relief is available to enforce a forum-selection clause in a contract. *See, e.g., In re Fisher*, 433 S.W.3d 523, 535 (Tex. 2014) (orig. proceeding); *In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 883 (Tex. 2010) (orig. proceeding) (per curiam); *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding) (per curiam). A trial court abuses its discretion when it fails to properly interpret or apply a forum-selection clause. *In re Lisa Laser USA, Inc.*, 310 S.W.3d at 883; *In re Laibe Corp.*, 307 S.W.3d at 316. Further, "an appellate remedy is inadequate when a trial court improperly refuses to enforce a forum-selection clause because allowing the trial to go forward will vitiate and render illusory the subject matter of an appeal, i.e., trial in the proper forum." *In re Lisa Laser USA, Inc.*, 310 S.W.3d at 883 (internal quotations omitted); *In re Laibe Corp.*, 307 S.W.3d at 316.

---

[2] Relator filed an interlocutory appeal from the trial court's denial of its plea to the jurisdiction, "which necessarily denied the Risk Pool's motion to enforce the contractual forum selection clause." We have disposed of that appeal by separate memorandum opinion issued this same date. *See Tex. Mun. League Intergovernmental Risk Pool v. City of Hidalgo*, No. 13-22-000250-CV, 2022 WL ____, at *_ (Tex. App.—Corpus Christi–Edinburg Aug. __, 2022, no pet. h.) (mem. op.).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the real party in interest City of Hidalgo, the Risk Pool's reply, and the applicable law, concludes that the Risk Pool has not met its burden to obtain relief. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a), (d).

NORA L. LONGORIA
Justice

Delivered and filed on the
25th day of August, 2022.