**Opinion issued September 29, 2022**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-21-00582-CV

———————————

**ROSHONDA BROWN D/B/A H. BROWN & CREW LANDSCAPE SERVICE, Appellant**

**V.**

**CASE SNOW MANAGEMENT, INC., Appellee**

---

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Case No. 2021-49582**

---

## MEMORANDUM OPINION

Appellant, Roshonda Brown, doing business as H. Brown & Crew Landscape Service ("Brown"), brought claims against appellee, Case Snow Management, Inc. ("Case"), for breach of contract, fraud, promissory estoppel, and quantum meruit, alleging that Case had failed to pay for landscaping services as agreed. Case moved

to dismiss Brown's claims on the ground that a forum-selection clause in the parties' agreements affixed jurisdiction and venue in the courts of Bristol County, Massachusetts. The trial court granted the motion and dismissed Brown's claims. In her sole issue, Brown contends that the trial court erred in dismissing her claims.

We affirm.

## Background

Case is a Massachusetts corporation that manages landscaping services for a national portfolio of commercial properties. As such, it enlists the assistance of service partners throughout the continental United States to serve as subcontractors for its clients. Brown, who provides commercial landscaping services throughout Harris County, Texas, is one such subcontractor.

On October 5, 2020, Brown and Case executed a Master Subcontract Agreement (the "2020 Agreement"), pursuant to which Brown agreed to provide landscaping services to a group of Case's clients, comprised of several Houston-area 7-Eleven convenience stores. The services varied for each location and generally included maintenance of lawns, trees, and shrubs. Case was to pay Brown in accordance with an attached Pricing and Payment Schedule and to pay for any additional services in accordance with a provision for Out of Scope Services.

Months later, on February 13, 2021, Case terminated the 2020 Agreement, citing customer dissatisfaction and asserting that Brown had misrepresented its

2

work. On April 7, 2021, however, the parties executed a new, materially identical, Master Subcontract Agreement (the "2021 Agreement"), pursuant to which Case retained Brown to provide landscaping services at 73 store locations.

Subsequently, in June 2021, Brown notified Case that it had failed to pay as agreed under both the 2020 and 2021 Agreements (collectively, the "Agreements"). Brown asserted that, between December 15, 2020 and May 13, 2021, she had submitted 96 invoices to Case for additional services totaling $109,064.00 that Case had failed to pay. On July 27, 2021, Case terminated the 2021 Agreement.

Brown then filed the instant lawsuit, asserting claims against Case for breach of contract, fraud, promissory estoppel, and quantum meruit. Brown alleged that, although she performed as agreed, Case breached the Agreements by failing to pay as agreed. In her fraud claim, Brown alleged that Case had falsely represented that Brown would be paid for additional work, that Case knew that such representations were false but intended that she to rely on them, and that Brown did so to her detriment. In her promissory-estoppel claim, Brown alleged that Case promised to pay for additional work, that she acted in reliance, that such reliance was foreseeable, and that injustice could be avoided only by enforcing Case's promise. Finally, Brown sought to recover in quantum meruit, alleging that she provided valuable services for which Case refused to pay. Brown sought actual damages in the amount of $109,064.00, exemplary damages, and attorney's fees.

3

In her petition, Brown asserted:

The Court has subject-matter jurisdiction over this lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements. Venue in Harris County, Texas is proper as it is where the contract at issue was performed, and where all or a substantial amount of the events giving rise to this dispute occurred.

Case filed a motion to dismiss Brown's claims, asserting that an identical forum-selection clause contained in both Agreements affixed sole and exclusive jurisdiction over her claims in the courts of Bristol County, Massachusetts, as follows:

**17.    CHOICE OF LAW; JURISDICTION AND FORUM:** The laws of Massachusetts will govern all claims, actions and controversies, of whatever nature or kind, which relate in any way to the Services or this Agreement, without regard to choice of law or conflict of law principles. The courts of Bristol County, MA shall have sole and exclusive jurisdiction over all such claims, actions, and controversies and You expressly agree to submit to the jurisdiction of such courts. Neither party may file any claim, action or petition in any other court. You hereby agree that, in the event you file an action in another jurisdiction in violation of this Paragraph, We will be entitled to recover, as damages, any and all legal fees, costs and expenses incurred as a result of Our having to defend and/ or seek the dismissal or removal of an action filed in an improper jurisdiction.

In its motion, Case noted that it and Brown "are each sophisticated business entities who possessed the power to negotiate the terms" of each Agreement.  Case asserted that Brown could not both enforce the payment terms under the Agreements while arguing that "enforcement of that very Agreement's forum-selection clause would be unreasonable or unjust."  Case noted that, although she advanced a fraud

4

claim, Brown did not argue that she was fraudulently induced to consent to the forum-selection clause. Case asserted that Texas has "no public policy against enforcement of mandatory forum selection clauses" and that Brown did not show that litigating in Massachusetts would deny Brown her "fair day in Court." Case argued that, because the mandatory forum-selection clause required Brown to file her claims in Massachusetts, Brown breached the Agreements by filing her claims in Texas, and thus her claims must be dismissed. Brown asked the trial court to "enter an order dismissing [Brown's] claims for improper venue."

In her response to the motion to dismiss, Brown argued that enforcement of the forum-selection clause was "unreasonable and unjust" because the clause constituted "overreaching," "strongly contravene[d] Texas public policy," and made it "seriously inconvenient for [Brown] to obtain her day in court."

After a hearing, the trial court granted the motion and dismissed Brown's claims without prejudice to refiling in the courts of Massachusetts. The trial court did not issue findings of fact and conclusions of law.

## Forum-Selection Clause

In her sole issue, Brown argues that the trial court erred in dismissing her claims because she demonstrated that enforcement of the forum-selection clause was unreasonable and unjust.

5

## A. Standard of Review and Guiding Legal Principles

Generally, a forum-selection clause affixes jurisdiction and venue for judicial actions in a specific location and court.[1] *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 677 (Tex. 2009); *see Rieder v. Woods*, 603 S.W.3d 86, 93 (Tex. 2020) (noting that forum-selection clause "constitute[s] consent to jurisdiction in the agreed forum"); *Tri–State Bldg. Specialties, Inc. v. NCI Bldg. Sys., L.P.*, 184 S.W.3d 242, 248 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("If a party signs a contract with a forum selection clause, then that party has either consented to personal jurisdiction or waived the requirements for personal jurisdiction in that forum."); *Phx. Network Techs. v. Neon Sys.*, 177 S.W.3d 605, 615 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding that forum-selection clause provided that parties intended for stated forum to be "the exclusive venue").

In considering the effect of a forum-selection clause, a trial court first determines, by applying ordinary principles of contract interpretation, whether the contract at issue, in fact, contains a forum-selection clause and whether the claims asserted fall within its scope. *Deep Water Slender Wells, Ltd. v. Shell Int'l Expl. & Prod., Inc.*, 234 S.W.3d 679, 687–88 (Tex. App.—Houston [14th Dist.] 2007, pet.

---

[1]     If a party has contractually consented to jurisdiction in a particular forum, then the typical due-process and minimum-contacts analyses are unnecessary. *In re Fisher*, 433 S.W.3d 523, 532 (Tex. 2014) ("[A] contractual 'consent-to-jurisdiction clause' subjects a party to personal jurisdiction, making an analysis of that party's contacts with the forum for personal jurisdiction purposes unnecessary.").

denied). We review a trial court's contractual interpretation of the forum-selection clause de novo. *Phx. Network Techs.*, 177 S.W.3d at 610. In construing a contract, we ascertain and give effect to the parties' intent as expressed in the writing itself. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am*., 341 S.W.3d 323, 333 (Tex. 2011). We give terms their plain, ordinary, and generally accepted meaning unless the contract directs otherwise. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005). We read the provision "in its entirety, striving to give meaning to every sentence, clause, and word to avoid rendering any portion inoperative." *Sw. Intelecom, Inc. v. Hotel Networks, Corp*., 997 S.W.2d 322, 324–25 (Tex. App.—Austin 1999, pet. denied).

We review a trial court's decisions on the validity and enforceability of the forum-selection clause for an abuse of discretion. *In re AIU Ins. Co*., 148 S.W.3d 109, 121 (Tex. 2004) (holding that trial court abused its discretion in denying motion to dismiss based on forum-selection clause); *see also Phx. Network Techs.*, 177 S.W.3d at 610 (holding same). A trial court abuses its discretion if it acts without reference to any guiding rules and principles or if it acts arbitrarily and unreasonably. *McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex. 1995). A clear failure to analyze or apply the law correctly constitutes an abuse of discretion. *Id*. A trial court does not abuse its discretion if it bases its decisions on conflicting evidence. *See Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997). When, as here, the trial

court does not issue findings of fact and conclusions of law, we imply all facts necessary to support the judgment that are supported by evidence. *M&F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co., Inc*., 512 S.W.3d 878, 885 (Tex. 2017).

Forum-selection clauses are "presumptively valid" and courts "must enforce" them "unless the party opposing enforcement clearly shows" that (1) enforcement is unreasonable or unjust; (2) the clause is invalid because of fraud or overreaching; (3) enforcement would contravene a strong public policy of the forum where the suit was brought; or (4) the contractually selected forum would be "seriously inconvenient" for trial. *Rieder*, 603 S.W.3d at 93; *see also M/S Bremen v. Zapata Off–Shore Co*., 407 U.S. 1, 10, 15–17 (1972) (stating that forum-selection clauses are "prima facie valid" and should be enforced unless resisting party carries "heavy burden" to show that enforcement would be unreasonable); *In re AIU Ins.*, 148 S.W.3d at 112; *Phx. Network Techs.*, 177 S.W.3d at 613–14 (discussing genesis of test and noting that enforcement is "mandatory" unless resisting party "clearly shows" one of enumerated prongs).

## B.    Discussion

The forum-selection clause contained in the Agreements states, in pertinent part, as follows:

> **17.    CHOICE OF LAW; JURISDICTION AND FORUM:** The laws of Massachusetts will govern all claims, actions and controversies, of whatever nature or kind, which relate in any way to the Services or this Agreement, without regard to choice of law or conflict of law

principles. *The courts of Bristol County, MA shall have sole and exclusive jurisdiction over all such claims, actions, and controversies and You expressly agree to submit to the jurisdiction of such courts. Neither party may file any claim, action or petition in any other court.* You hereby agree that, in the event you file an action in another jurisdiction in violation of this Paragraph, We will be entitled to recover, as damages, any and all legal fees, costs and expenses incurred . . . .

(Emphasis added.) Thus, the parties agreed that "sole and exclusive jurisdiction over all . . . claims, actions, and controversies" that "relate in any way" to the services or the Agreement is vested in the courts of Bristol County, Massachusetts. The parties agreed that neither party may file any claim in any other court.

Brown does not assert that her claims fall outside the scope of the forum-selection clause. *See Rieder*, 603 S.W.3d at 94. Rather, Brown argues that she met her burden to overcome the presumed validity and enforceability of the clause by demonstrating that the clause is (1) unreasonable and unjust; (2) contravenes established Texas public policy; (3) forces her to litigate in a seriously inconvenient forum, i.e., Massachusetts; or (4) is invalid for overreaching. *See id.* at 93.

### 1. *Unreasonable and Contravenes Texas Public Policy*

In her brief, Brown combines her substantive analyses of the first two prongs. She argues that enforcement of the forum-selection clause is unreasonable and unjust because the clause contravenes Texas public policy. She asserts that enforcement violates the open courts provision of the Texas Constitution by "creating an obstacle to enforcement of the [payment terms of the] Agreement." *See* TEX. CONST. art. I

9

§ 13. She asserts that the Texas Constitution "contains strong protection for mechanics, artisans, and materialmen who provide their labor and materials upon buildings and articles" by creating a mechanic's lien for those who "furnish[] labor or materials for a building's construction or repair." *See* TEX. CONST. art. XVI, § 37. She asserts that "[e]nforcing the forum selection clause is strongly against Texas public policy and the Texas Constitution" because she is a "Texas Plaintiff [who] provided valuable work to many Texas businesses at physical locations in Texas pursuant to a contract sought out and executed in Texas" and enforcement denies her "her right to compensation and a lien for [Case's] breach."

To the extent that Brown, in her brief, challenges the parties' Agreements as generally unfair or "unconscionable," we first note that the jurisdictional inquiry is separate and distinct from the substantive merits of the case, which we do not reach. *See Cap. Fin. & Commerce AG v. Sinopec Overseas Oil & Gas, Ltd.*, 260 S.W.3d 67, 81 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

In a commercial context, as here, "parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985). "[P]arties may waive statutory and even constitutional rights." *Moayedi v. Interstate 35/Chisam Rd., L.P.*, 438 S.W.3d 1, 6 (Tex. 2014). Our role is "not to protect parties from their own agreements, but to enforce contracts that parties enter into freely and voluntarily."

10

*El Paso Field Servs., L.P. v. MasTec N. Am., Inc.*, 389 S.W.3d 802, 810–11 (Tex. 2012).  "In regard to the public interest and forum-selection clauses, [the Texas Supreme Court has] held that policy considerations weigh in favor of enforcing valid forum-selection clauses absent a statute that requires suit to be brought or maintained in Texas."  *In re Int'l Profit Assocs.*, 274 S.W.3d at 680.  Here, Brown does not direct us to any statute requiring that her claims be brought or maintained in Texas.  *See id.*  Thus, the public interest does not prevent enforcement of the clause.  *See id.*

Brown also complains that enforcing the forum-selection clause would "unreasonably restrict [her] access" to certain damages because the Agreements "expressly prohibit[] [her] from recovering indirect, incidental, consequential, special, punitive, exemplary, or multiple damages, or attorneys' fees in any action."  She complains that "[t]his contractual limitation is unreasonably over-restrictive, oppressive, and unconscionable" because it limits her "access to a significant number of substantive damage remedies allowed under Texas law."

Confining our analysis to the jurisdictional inquiry, Brown seems to complain that, although she agreed not to pursue certain types of damages in the Agreement, such categories of damages would nevertheless be available to her if she were allowed to bring her lawsuit in Texas.  The supreme court has held, however, that the mere existence of Texas statutory law in an area does not establish public policy negating a contractual forum-selection clause.  *See In re Lyon Fin. Servs., Inc.*, 257

11

S.W.3d 228, 234 (Tex. 2008). That is, Brown's ability to recover certain damages in Texas, or any inability to recover such damages in Massachusetts, does not create a public policy reason to protect Brown from enforcement of the forum-selection clause to which she agreed. *See El Paso Field Servs.*, 389 S.W.3d at 810–11. A party to a contract is presumed to know and accept its terms. *See Nat'l Prop. Holdings, L.P. v. Westergren*, 453 S.W.3d 419, 425 (Tex. 2015).

## 2. *Seriously Inconvenient Forum*

Brown asserts that enforcement of the forum-selection clause forces her to litigate her claims in a "seriously inconvenient" forum, i.e., Massachusetts. *See Rieder*, 603 S.W.3d at 93. She asserts that enforcement of the forum-selection clause prevents her from effectively presenting and vindicating her claims; requires her to incur "unreasonable travel and associated expenses" for herself and for "the many potential witnesses [who] received services from [her] for which she was not paid"; and limits her ability to conduct adequate discovery.

"In recognizing that forum-selection clauses are generally and presumptively enforceable, we have noted that [b]y entering into an agreement with a forum-selection clause, the parties effectively represent to each other that the agreed forum is not so inconvenient that enforcing the clause will deprive either party of its day in court, whether for cost or other reasons." *In re Laibe Corp.*, 307 S.W.3d 314, 317 (Tex. 2010) (internal quotations omitted). "[W]e will decline to enforce a forum-

12

selection clause against a party only if the inconvenience it faces is so extreme as to effectively deny the party its day in court." *Id.* "Absent proof of special and unusual circumstances, trial in another forum is not so gravely difficult and inconvenient as to warrant disregarding the contractually-specified forum." *Id.* (internal quotations omitted).

Brown asserts that litigating in Massachusetts would require her to incur the "added expense" of hiring Massachusetts counsel and the "inconvenience of frequent[] travel" to Massachusetts. She asserts that such travel would cause "significant and unreasonable disruption" to her business operations because it is a sole proprietorship.

In *Laibe*, the Texas Supreme Court considered a similar argument and concluded that the plaintiff did not carry its heavy burden to clearly show that it would be deprived of its day in court. 307 S.W.3d at 317–18. There, the plaintiff testified that the daily operations of the business would "basically cease if it were required to pursue a lawsuit in Indiana." *Id.* at 317. The court noted that "[i]f merely stating that financial and logistical difficulties will preclude litigation in another state suffices to avoid a forum-selection clause, the clauses are practically useless." *Id*. at 318. The court held that such testimony did not amount to a clear showing of "special and unusual circumstances." *Id.*

Here, it was foreseeable under the terms of the Agreements that Brown signed that she would be required to litigate any claims that arose under the Agreements in Massachusetts. Like in *Laibe*, Brown's assertions that she will incur the expense of hiring local counsel and that travel will cause "significant and unreasonable disruption" to business operations do not constitute "special and unusual circumstances." *See id*.

Brown further argues that litigating in Massachusetts would be so seriously inconvenient as to deprive her of her date in court because all of the premises covered by the Agreements and the witnesses to the events underlying the dispute are located in Texas. She asserts that "[p]otentially requiring a large number of 7-Eleven personnel and staff to travel to Massachusetts would inhibit [her] ability to present witnesses at trial due to the inconvenience and expenses for travel and accommodations." She also asserts that the "ability to gather testimony through depositions and in-person inspections of the 7-Eleven locations underlying this suit are hindered by the enforcement of the forum selection clause."

As discussed above, such expenses do not constitute "special and unusual circumstances." *See id*. In addition, Brown does not explain why 7-Eleven personnel and staff, who are not parties to the Agreements or to the transactions at issue, would need to physically travel to Massachusetts or why discovery is "hindered," as she asserts. Thus, we conclude that Brown has not clearly shown that

14

litigating in Massachusetts would essentially deprive her of her day in court. *See id.* at 317–18; *In re AIU Ins.*, 148 S.W.3d at 113.

### 3. *Overreaching*

Brown asserts that the forum-selection clause is invalid because it constitutes an act of overreaching by Case.

Whether overreaching occurred requires consideration of whether the contract results in unfair surprise or oppression. *See In re Lyon*, 257 S.W.3d at 233. Brown does not assert that she was surprised by the forum-selection clause contained in the Agreements she signed. Rather, Brown complains that enforcement of the clause "would result in insurmountable oppression" of her. She complains that Case is a "large interstate contractor" represented by counsel and that she is a sole proprietor who "was not represented by an attorney in [the] negotiation or execution of the Agreement" and had "no previous experience or sophistication regarding contract law, interpretation, or forum selection clauses."

Disparity in bargaining power most commonly occurs when one party has "no choice" but to accept an agreement limiting the liability of another party. *See id.* at 232. A bargain is not negated simply because one party may have been in a more advantageous bargaining position. *In re Palm Harbor Homes*, *Inc.*, 195 S.W.3d 672, 679 (Tex. 2006). Further, Brown was free to hire counsel. *See Pogue v. Williamson*,

15

605 S.W.3d 656, 667 (Tex. App.—Houston [1st Dist.] 2020, no pet.) ("Williamson was free to hire her own attorney, but she elected not to hire one.").

The only oppression Brown asserts is a perceived difficulty of litigating in Massachusetts. As discussed above, Brown did not show that such would such deprive her of her day in court. Thus, we conclude Brown has not shown that the forum-selection clause was the product of overreaching. *See In re Lyon*, 257 S.W.3d at 233.

In sum, we conclude that Brown has not clearly shown that the trial court erred in its implied finding that the forum-selection clause is valid and enforceable. *See Rieder*, 603 S.W.3d at 93; *M&F Worldwide*, 512 S.W.3d at 885. We hold that the trial court did not err in granting Case's motion to dismiss Brown's claims.

We overrule Brown's sole issue.

## Conclusion

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Landau and Hightower.

16