

# NUMBER 13-25-00178-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE WESTCHESTER SURPLUS LINES INSURANCE COMPANY ET AL.

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice West[1]**

By petition for writ of mandamus, relators Westchester Surplus Lines Insurance

Company and other insurers[2] assert that the trial court abused its discretion by denying

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relators include Westchester Surplus Lines Insurance Co.; Everest Indemnity Insurance Company; Certain Underwriters at Lloyds, London Subscribing to Policy No. B12300AP10123A20; Starr Surplus Lines Insurance Co.; Certain Underwriters at Lloyds, London Subscribing to Policy No. AP10123A22/AP10123B22; National Fire & Marine Insurance Co.; StarStone Specialty Insurance Co.; Lexington Insurance Co.; Evanston Insurance Co.; and Westfield Specialty Insurance Co.

their motion to dismiss the underlying case based upon forum selection clauses in the applicable insurance policies and that they lack an adequate remedy by appeal to address this error.

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Mandamus relief is available to enforce a forum-selection clause in a contract. *See, e.g., In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 710 (Tex. 2016) (orig. proceeding); *In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 883 (Tex. 2010) (orig. proceeding) (per curiam); *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding) (per curiam). "[A]n appellate remedy is inadequate when a trial court improperly refuses to enforce a forum-selection clause because allowing the trial to go forward will vitiate and render illusory the subject matter of an appeal, i.e., trial in the proper forum." *In re Lisa Laser USA, Inc.*, 310 S.W.3d at 883 (cleaned up); *see In re Laibe Corp.*, 307 S.W.3d at 316.

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest IDEA Public Schools, the reply, and the

2

applicable law, is of the opinion that relators have not met their burden to obtain relief.

Accordingly, we deny the petition for writ of mandamus.

JON WEST
Justice

Delivered and filed on the
29th day of July, 2025.

3